MORRILL AND WHITON CONSTRUCTION COMPANY *vs.* CITY
OF BOSTON.

Suffolk.   March 14, 1904. — June 23, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Contract*, Construction.

Where a contract in writing contains inconsistent provisions, a clause which requires something to be done to effect the general purpose of the contract is entitled to greater consideration than one which tends to defeat a full performance.

A contract for the erection of a municipal building for a round sum of money contained a specification for plastering, then after certain specifications about carpentry came a paragraph containing a provision requiring the contractor to furnish and do everything for the construction of the building "except the plastering and the parts of the heating and ventilating, and plumbing systems," and later came full specifications for plastering. *Held*, that the contractor was bound to do the plastering as part of the contract, the exception of the plastering being rejected as repugnant to the rest of the contract and inconsistent with its general purpose "to erect and complete a municipal building."

CONTRACT against the city of Boston with a count to recover $2,753.96 alleged to be due for extra materials and labor not included in the contract price named in a contract between the plaintiff and that city for the erection and completion of a municipal building at the corner of Columbia Road and Bird Street in Boston, for which it was alleged that by the terms of the contract the defendant was bound to pay, with a second count for work done and materials furnished and a third count on an account annexed, each for the same sum.  Writ dated July 24, 1903.

In the Superior Court the case was presented upon an agreed statement of facts, it being agreed that if on the facts stated that court should find that the plastering was not a part of the work provided for in the contract, to be paid for by the round sum named in the contract, judgment was to be entered for the plaintiff in the sum of $2,690.92, with interest from July 21, 1903; otherwise, judgment was to be entered for the defendant.

The Superior Court gave judgment for the defendant; and the plaintiff appealed.

The material portions of the contract were headed:

" The following changes are made in the specifications of the work."

After various specifications came the following:

"Section 6.  Lathing, Plastering, etc.

"(1)  Lathing.

"(a)  Substitute first quality spruce laths for wire cloth or expanded metal on walls and ceilings, joints of lathing to be broken every 6 laths.

"(2)  Plastering.

"(a)  All ceilings to be plastered with 3 coat work, walls, etc., 2 coat work and otherwise as specified."

Here followed specifications headed "Section 7.  Carpentry."

Then came the following:

"Section 2.  Specific Work.  (a)  Erect and complete a Municipal Building and grade, complete, and fence the yard thereof upon a site at the northerly corner of Columbia Road and Bird Street, Ward 16, Boston, Mass., the Superintendent of Public Buildings to be the Officer to have charge of the work, and William H. Besarick, 15 School St., Boston, to be the Architect of the work; use temporary doors, screens, and sashes to close in the building; lay all water pipes, gas pipes, sewer and electric service from inside the walls of the building to and connect the same with the nearest street mains; furnish and do everything required therefor except the plastering and the parts of the heating and ventilating, and plumbing systems, but furnish and place all board supports, and furnish and do all cutting, fitting, filling, and board coverings required to place, and leave all said parts in proper position and finish," etc.

After various other specifications came the following:

"Section 6.  Lathing, Plastering, Fireproofing, etc.

"(1)  Lathing.

"(a)  Lath the walls, ceilings and partitions throughout the 1st story, the janitor's room in basement and the central and northeast end staircase hall throughout each story, including the basement, also the ceilings, walls and partitions of rooms for Instructor, Physician and bath in second story using No. 19 stiffened wire cloth or an expanded metal lath of satisfactory pattern.  Partitions to be lathed on both sides in all cases.

"(2)  Plastering.

"(a)  Plaster the above lathed work with a thorough coat of lime and sand and long cattle hair mortar in proper proportions

to make first class stock.   All plastering is to be scratched and when thoroughly dry to have a coat of browning, hand floated to an even surface.   Skim all of the foregoing plastered work with a coat of clean sharp sand and lime leaving all angles and surfaces true and straight.

" (b) Run ornamental stucco cornices in all rooms in 1st story including the main entrance hall, and vestibule in accordance with the detail drawings also run moulded and ornamental stucco centres in all 1st story rooms where directed.

" (c) Fill in flush with mortar between the grounds from floor to ceiling of 1st story on all brick partition walls, also provide fire stops of mortar, 8 in. high, between the grounds at floor and ceiling on all outside walls.

" (d) The plasterer is to provide wire lathing and plaster all weight bearing metal.

" (e) The cast iron supporting columns on the inside are to be wire lathed and plastered with Keene's cement to make a neat and substantial finish.   Those in the Library and Recreation Room to have stucco or papier mache capitals and moulded base as per details.

" (f) Fireproof between the stringers every 3 ft. the central, and northeast staircases throughout.

" (g) Do all patching, leaving the entire work clean and whole upon completion and remove from the premises all rubbish.

" (h) All of the foregoing work is to be done by 1st class workmen in the best manner and in accordance with the requirements of the Building Law and to the satisfaction of the Architect."

*G. M. Reed*, for the plaintiff.

*A. L. Spring*, for the defendant.

BRALEY, J.   Under the building contract entered into between the parties, as the plaintiff went forward in the performance of its part of the undertaking, a dispute arose whether by the terms of the agreement it was required to plaster the building, and an arrangement was then effected by which it was done, with the provision that whether the plaintiff was entitled to extra compensation, or must be content to accept the round sum specified in the contract, was a question that should be left open for determination in the suit now before us.

Its solution depends on the construction of the contract, and if the intention of the parties can be ascertained it must control, and for that purpose the whole contract is to be considered rather than an inquiry that is limited to the part relied on by the plaintiff to support its contention.

For this purpose the order in which the various clauses and divisions are arranged furnishes little aid, for the modifications made in that part called specifications of the contract precede section two, which contains the phrase "furnish and do everything required therefor except the plastering and the parts of the heating and ventilating, and plumbing systems", on which the plaintiff relies for exemption and relief, and these changes contain a specific requirement for the plastering of the ceilings and the walls with a designated number of coats, or otherwise as called for, while section six to which this change refers follows section two, and the original specification with its modification are each classed under the general description of lathing and plastering.

If the language of either section had contained the only reference to the subject no difficulty would arise, but both being in the same agreement they are inconsistent, and cannot be reconciled, yet it does not follow that the plaintiff can recover.

The main object to be accomplished is stated in section two which requires the plaintiff to "erect and complete a municipal building", and the careful details provided for the kind and quality of the materials to be used, including those for which this suit is brought, makes it reasonable to suppose that these specifications would not have been originally inserted, and subsequently modified in paragraphs preceding and following the excepting clause, and hence more nearly expressing the final determination of the parties, unless in conformity to such a general design, for where in a contract like this a repugnancy is found between clauses, the one which essentially requires something to be done to effect the general purpose of the contract itself is entitled to greater consideration than the other which tends to defeat a full performance, and repugnant words may be rejected in favor of a construction which makes effectual the evident purpose of the entire instrument. *Fowle* v. *Bigelow*, 10 Mass. 379. *Wade* v. *Howard*, 6 Pick. 492, 499. *Heywood* v.

*Perrin,* 10 Pick. 228.    *Folsom* v. *McDonough,* 6 Cush. 208. *Smith* v. *Davenport,* 34 Maine, 520.

Under the construction for which the plaintiff contends a very substantial part of the contract must be nullified, and less violence is done if the general words on which it relies are made to yield to the specifications already sufficiently discussed, moreover, the plaintiff having sued for labor and materials must sustain the burden of proof that both were furnished under a contract that required the defendant to pay for them, but it failed to maintain this issue of fact before the tribunal whose finding thereon is final, and as no error of law appears, the judgment of the Superior Court is affirmed.

*Judgment affirmed.*