CHARLES B. PERKINS *vs.* CHARLES S. HANKS.

Suffolk.    January 16, 1905. — May 18, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Contract,* Construction.

Where a contract in writing for the preparation of plans by an architect, after the adjustment of an existing indebtedness for services previously rendered, stipulates for similar services by him in the future and contains the statement "The architect's commission on which, at five per cent, is not to exceed the value of $350," and immediately after contains the statement "It is further mutually understood and agreed that the equity of said before described land is given as security for a further payment of $250, which sum shall, when paid, be considered to be full payment for said above last named plans," the explicit agreement as to the price to be paid controls the previous mention of a rate of compensation, and if a jury finds that the architect made the plans called for by the contract he is entitled to recover the agreed price of $250.

CONTRACT upon a contract in writing for compensation for services as an architect. Writ in the Municipal Court of the City of Boston, dated December 8, 1902.

On appeal to the Superior Court the case was tried before *Wait,* J. The agreement sued upon was as follows :

" This agreement, made this twelfth day of October, 1900, by and between Charles Bruen Perkins, of Boston, in the County of Suffolk, and Commonwealth of Massachusetts, party of the first part, and Charles Stedman Hanks, also of said Boston, party of the second part, Witnesseth: That, whereas, said party of the second part owes to said party of the first part the sum of one hundred and fifty (150) dollars for services rendered, and, Whereas, the said party of the second part is desirous of receiving further services from the said party of the first part, as architect,

" Now, therefore, this agreement witnesseth said party of the second part agrees to pay said party of the first part the sum of one hundred and fifty (150) dollars, in cash, immediately upon the signing of this agreement, and to give to the said party of the first part a quit-claim deed of the equity in a certain parcel of land situated and described as follows: A certain piece or

parcel of land situated in Stoneham, in the County of Middlesex, and bounded and described as follows, [description] which parcel of land is now subject to a mortgage of one hundred and fifty (150) dollars. And the said party of the first part hereby agrees to draw certain plans at the direction of the said party of the second part, for houses to be built upon other lands of said party of the second part.

"The number and size of said plans to be agreed upon mutually by said above named parties, the architect's commission on which, at 5 per cent, is not to exceed the value of three hundred and fifty (350) dollars, and to be done as soon as they can be reasonably and properly finished, after directions received from said party of the second part.

"It is further mutually understood and agreed that the equity of said before described land is given as security for a further payment of two hundred and fifty (250) dollars, which sum shall, when paid, be considered to be full payment for said above last named plans. Said payment to be made at the expiration of two years from the date hereof, or any prior time, in cash, by said party of the second part to said party of the first part, who on payment of said sum of two hundred and fifty (250) dollars, shall convey, by similar deed as that received by him, the above described lot to said party of the second part, provided said party of the first part has not before that time sold the said equity to some third party at a price satisfactory to him, the party of the first part; which he is hereby authorized to do if he so elects, and which sale shall release said party of the second part from the payment of said two hundred and fifty (250) dollars, or any part thereof.

"It is further agreed that all betterments or other charges of every nature, except the annual taxes, assessed upon the land during the time that said party of the first part shall hold any title to the same, shall be paid in all cases by said party of the second part, whether assessed by the town of Stoneham, or by any private individual or individuals; except, also, interest on the mortgage aforesaid.

"In witness whereof, we, the above named parties, have interchangeably set our hands and seals the day and date first above written. Charles Bruen Perkins, Chas. Stedman Hanks."

The defendant requested five instructions, of which the judge gave the first and third, and refused to give the following, submitting the case to the jury:

"2. That under the terms of this agreement the defendant was under no liability to pay the plaintiff any sum whatever, except the regular commission upon such plans, if any, as the plaintiff has made in accordance with the specific directions and conditions given and imposed by the defendant."

"4. That the plaintiff is not entitled to recover anything under the declaration in this case, unless plans were made by him in accordance with the specific directions and conditions of the defendant, and unless the commission on said plans at five per cent would amount to at least $250.

"5. That upon the whole case the plaintiff cannot recover."

The jury, after consideration, made the following request for further instructions: "We are all agreed that the plaintiff did his part and should be paid. Does the contract bind in that case the defendant to pay $250? His plans at five per cent, as mentioned, would be over $350. At one and one half per cent, as mentioned, he only earned $225. Would ask for instructions on these points."

Thereupon the judge instructed the jury that if they found the contract had not been terminated, and that the plaintiff had done all the contract required, their verdict must be for $250, with interest, the commission for the particular plans drawn being immaterial under the terms of the contract.

The jury returned a verdict for the plaintiff in the sum of $271.46; and the defendant alleged exceptions.

*E. B. Hale & F. E. Dickerman*, for the defendant.

*E. Everett & G. H. Russ*, for the plaintiff.

BRALEY, J. The contract out of which this suit arises consists of two distinct parts. It first provides for an adjustment of an existing indebtedness due the plaintiff for services previously rendered as an architect, and then stipulates for similar services by him in the future. Accordingly the plaintiff agreed to prepare plans, the number and size of which were to be mutually agreed upon, that were to be used in the construction of houses to be built upon land of the defendant. These plans were to be ready for use as soon as they could be reasonably and

properly finished, and after he had received directions from the defendant, and the issue of fact at the trial was whether the plaintiff had performed his part of the contract.

Whatever the reasons may have been which led to the insertion of the statement, " The architect's commission on which, at five per cent, is not to exceed the value of $350 ", from which if nothing further appeared a promise to pay a percentage not exceeding that sum if the plans were made according to the agreement might be implied, there immediately follows a clause making an express provision for payment. It is there stated, " It is further mutually understood and agreed that the equity of said before described land is given as security for a further payment of $250, which sum shall, when paid, be considered to be full payment for said above last named plans."

This explicit agreement of parties must be held to control the price to be paid for the plaintiff's work rather than the rate of compensation to be implied from the language found in the preceding paragraph. *Morrill & Whiton Construction Co.* v. *Boston*, 186 Mass. 217.

It must be construed to mean that the parties agreed that if the plaintiff furnished the plans specified he was to receive the amount fixed for them at the expiration of two years from the date of the contract, unless in the meantime he had sold the land held as security, and taken the proceeds, in which event the defendant would be released from all liability of further payment; or if the plaintiff had not sold it, upon exercising his option he could discharge his debt and receive a reconveyance.

It appears from the plaintiff's evidence that at the request and under the direction of the defendant, he drew general plans for a house, and then from these prepared a set of sketch plans, all of which were delivered to the defendant who accepted and retained them, and that during the two years from the date of the contract whenever called upon by him he had been ready and willing to prepare building plans. The contention of the defendant was that his instructions to the plaintiff were limited to the preparation of plans for a house that could be built for not more than a certain sum above the foundation, and as the plaintiff never succeeded in drawing plans that met this requirement, he did not accept them, and because of a failure to com-

ply with this request, or follow directions given to him, he did not ask or demand his further services. Upon this conflicting evidence the jury have found in favor of the plaintiff, and the argument that the plaintiff by simply being ready and willing to offer performance during the life of the contract would have the right to receive at least the sum expressly stipulated for, without having done any work, becomes purely speculative. For the real question presented is not whether the plaintiff being disposed at all times to keep the agreement, and no request having been made by the defendant, would be allowed thereby without rendering any actual service to recover to this extent; but is rather, having performed it upon such a request, what amount is due to him.

Having done all that he agreed to do, and it appearing that he has not sold the land, and still holds it, and that two years have expired within which the defendant could pay in money, and redeem, but has not done so, the plaintiff is entitled to hold his verdict.

*Exceptions overruled.*