EVERETT N. CURTIS *vs.* GEORGE C. OGDEN & another.

Middlesex.     January 13, 1914. — February 27, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, & CROSBY, JJ.

*Contract,* Construction, Performance and breach.

By a contract in writing and under seal the defendant in an action of contract agreed to convey to the plaintiff a certain parcel of land with buildings thereon, which at the date of the agreement were unfinished, and which by the provisions of the contract the defendant was to complete with specified details of construction. The contract also provided that the conveyance should be on or before a certain day, and that the premises should be "then fully completed in an adequate and workmanlike manner as aforesaid," that "the acceptance of a deed and possession" by the plaintiff should "be deemed a full performance and discharge" of the defendant's obligations, "except in so far as further performance may be required by the provisions of this agreement," and that the defendant was to assume the obligations of the plaintiff under a lease of another estate, and to indemnify him from all loss thereunder. The defendant conveyed the land and buildings to the plaintiff before the date stated, and the plaintiff accepted the deed and took possession. The defendant had not done all the work called for by the specifications, and the plaintiff sought to recover damages therefor. *Held,* that, the work still to be done by the defendant being

"further performance . . . required by the provision of" the contract, the acceptance of the deed and taking possession by the plaintiff did not bar his recovery.

CONTRACT upon an agreement in writing and under seal, described in the opinion. Writ dated November 10, 1911.

The defendants demurred to an amended declaration. The demurrer was heard by *Pierce,* J., who overruled it, and, the defendants having appealed, by agreement of the parties reported the case for determination by this court, judgment to be entered for the defendants if the demurrer was sustained, and for the plaintiff in the sum of $300 with costs if it was overruled.

*C. S. Tilden,* for the defendants.

*A. B. Comstock, (E. N. Curtis* with him,) for the plaintiff.

SHELDON, J. By the agreement between these parties the defendants were to convey to the plaintiff on stated terms a parcel of land with a dwelling house thereon which was then unfinished. They agreed to complete the house with specified details of construction and to do certain work about the grounds. The agreement, among other stipulations, then provided that the defendants should convey the premises to the plaintiff "on or before the second day of May, 1910," by a good and sufficient deed; that the premises should be "then fully completed in an adequate and workmanlike manner as aforesaid;" and also that "the acceptance of a deed and possession" by the plaintiff should "be deemed a full performance and discharge" of the defendants' obligations, "except in so far as further performance may be required by the provisions of this agreement."

The defendants, according to the averments of the declaration, conveyed the premises to the plaintiff by a proper deed on or about the appointed day, and the plaintiff accepted the deed and took possession of the premises; but the defendants had not and have not completed the house or performed the work which they agreed to do in and around the same. The plaintiff seeks to recover damages for this breach of the defendants' agreement; and the defendants in support of their demurrer contend that all the acts which the plaintiff alleges that they failed to perform were to be done under the terms of the agreement before the transfer of the title, and therefore that the plaintiff's acceptance of the deed and

taking possession constituted a full performance on their part and terminated any liability for a previous non-performance.

The agreement contained two separate covenants by the defendants, performance of both of which might become impossible, or one or the other of which might remain unperformed by their default: They were to finish their work before giving a deed, and they were to give a deed before May 2. When that day came, their work was not finished. It is plain that under these circumstances it was their duty to go on and finish their work. Their agreement bound them to do this. Their promise to do these things in and around the house was absolute; the stipulation as to the time of completion, so far as appears, was merely incidental. This was the state of affairs when the plaintiff accepted the deed and took possession. By doing so he did not, according to the literal terms of the agreement, relieve the defendants from further performance in this respect; for these things, by the terms of the agreement, still remained to be done by the defendants. Their performance of them was expressly required by those terms; and the very language upon which the defendants rely is qualified by the limitation "except in so far as further performance may be required" by those terms, or, in other words, may be necessary for a compliance with those terms.

The defendants contend, however, that since the agreement bound them to do something which could not be completed until after the agreement in other respects had been fully performed, — *i. e.*, to assume the obligations of the plaintiff under a lease of another estate and to indemnify him from all loss thereunder, — the stipulation which we have been considering should be limited to this obligation on their part; that they should be held to a further liability only for what it was contemplated by the terms of the agreement that they were to do after the conveyance to the plaintiff, and that they should not be held liable for anything which it was intended that they should do before making that conveyance. But there are several answers to this.

In the first place, such a construction would be against the language of the stipulation. The exemption is not from further liability except as to those matters which it was contemplated should be performed after the conveyance. Their liability was to continue so far as further performance might be required by the

terms of the agreement,—so far, that is, as further action was required on their part.

Moreover, if we should undertake to construe this agreement by departing from the literal meaning of its language, it would be very difficult to adopt the contention of the defendants. It was the manifest intention of the parties, taking the whole agreement together, to provide that upon the plaintiff's payment of the price the defendants should convey to him a completed house constructed with certain specified fittings and equipments. They were to give him a deed conveying a good and clear title to the property. They were to assume certain liabilities which rested upon him. And except in so far as anything remained undone on their part to complete what they had agreed to do, the plaintiff's acceptance of a deed and taking possession were to end their liability. Not only is this the natural meaning of the agreement viewing it as a whole and giving effect to each one of its provisions, but so far as there is any ambiguity or inconsistency in those provisions, it is the construction which ought to be adopted on recognized principles of law. *Field* v. *Woodmancy*, 10 Cush. 427, 431. *Morrill & Whiton Construction Co.* v. *Boston*, 186 Mass. 217. *Simon* v. *Etgen*, 137 N. Y. Supp. 369. *Purcell Co.* v. *Sage*, 200 Ill. 342. *Bayne* v. *United States*, 195 Fed. Rep. 236, 241.

It follows under the terms of this report that the defendants' demurrer must be overruled and judgment entered for the plaintiff in the sum of $300 and costs.

*So ordered.*