STRAHL et al. v. HERBST.

(Supreme Court, Appellate Term, First Department. June 14, 1916.)

1. SALES ☞81(1)—CONSTRUCTION OF CONTRACT—DELIVERY—ACTS CONSTITUTING BREACH.

In a contract for the sale of wax, although the words "No arrival no sale" and "goods to arrive here during the month of November" meant that if by shipwreck or other perils of the sea it did not arrive there would be no sale and no breach by defendant, the words "October shipment from Brazil" in the contract obligated defendant to ship the goods, and his failure to do so, and consequent nondelivery of the goods, was a breach of the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 217; Dec. Dig. ☞81(1).]

2. SALES ☞411—CONTRACTS—ACTION FOR BREACH—PLEADING—COMPLAINT.

In an action for breach of a contract for the sale of wax, a complaint alleging, as an excuse for nonperformance by plaintiff, defendant's failure and refusal to deliver the balance of the wax, was defective in not alleging that plaintiff was at the time ready and willing to perform the contract on his part, although under the contract payment was not made a condition precedent to and contemporaneous with delivery.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1161–1164; Dec. Dig. ☞411.]

Appeal from City Court of New York, Special Term.

Action by Egbert Strahl and others against Robert Herbst. From an order overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Heyn & Covington, of New York City (Bernard G. Heyn, of New York City, of counsel), for appellant.

Katz & Sommerich, of New York City (Otto C. Sommerich, of New York City, of counsel), for respondents.

GUY, J. [1] The action was brought for the alleged breach of the following contract:

"Sold for account of Messrs. Herbst Bros., to Messrs. Strahl & Pitsch, 141 Front St., City. No arrival no sale. 10 tons of standard quality No. 3 chalky

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Carnauba wax at 19¾ cts. per lb. Less 1%, 10 days. Ex dock. October shipment from Brazil; goods to arrive here during the month of November."

The complaint alleges that defendant made part delivery of the wax, but has failed to deliver the balance of 9,268 pounds; that at the time of the part delivery, on or about December 14, 1915, defendant promised to deliver the balance on one of the following steamers; that on or about February 2, 1916, the defendant stated that the balance was to arrive about the end of that month; that on or about March 20, 1916, the plaintiffs informed the defendant that they would require the delivery of the balance on or about April 1, 1916; that on or about March 30, 1916, the defendant notified the plaintiffs that he would not deliver the balance of the order; and that the balance of the order was not shipped during the month of October from Brazil, to plaintiffs' damage in the sum of $842.45.

The court held that "No arrival no sale" and "goods to arrive here during the month of November," as these words are used in the contract, mean that if by reason of shipwreck or other perils of the sea the wax did not arrive there would be no sale, and consequently no breach of contract by the defendant, but further held that the words "October shipment from Brazil" obligated the defendant to ship the goods, and, as the demurrer admitted the defendant's failure to ship the wax, a cause of action was stated for the breach of his contract, and accordingly overruled the demurrer. This view of the contract is the correct one, for obviously the defendant could not set up as an excuse for the failure of the goods to arrive his own default in making the shipment required by the terms of the contract. See Abe Stein Co. v. Robertson, 167 N. Y. 101, at page 106, 60 N. E. 329.

[2] It is contended by the respondents that there is no merit in the point urged by the appellant that the complaint is defective because the plaintiffs have failed to aver performance or readiness to perform on their part; that under the contract payment was not made either a condition precedent to or contemporaneous with delivery, so that an allegation of readiness to pay was not essential, especially in view of the allegation in the complaint that the defendant repudiated his contract. The rule, however, is well established that, where the complaint sets forth an excuse for nonperformance, plaintiff is bound to allege, in addition thereto, that he was at that time able, ready, and willing to proceed to carry out the contract on his part. Stern v. McKee, 70 App. Div. 142, 146, 147, 75 N. Y. Supp. 157; Bigler v. Morgan, 77 N. Y. 312; Lawrence v. Miller, 86 N. Y. 137; Eddy v. Davis, 116 N. Y. 247, 22 N. E. 362.

The order must therefore be reversed, with $10 costs and disbursements of appeal to appellant, and the demurrer sustained, with $10 costs, and with leave to the plaintiffs respondents to plead over, upon payment of all said costs, within six days. All concur.