LETTS-PARKER GROCER COMPANY *vs.* W. R. MARSHALL AND COMPANY, INCORPORATED.

Suffolk.    January 8, 1919. — March 31, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract*, Validity, In writing, Construction.

A contract in writing is not void for uncertainty merely because it is obscure or difficult of construction, unless it is wholly unintelligible, and in case of such mere obscurity the previous negotiations of the parties may be resorted to, to show in what sense the terms of the contract are used.

In an action for the alleged breach of a contract made by correspondence, by which the defendant agreed to ship to the plaintiff eight hundred cases of sardines, "September shipment or no sale," it was shown that shipment in September was an essential term of the contract, that in September the price of sardines had risen greatly and that the defendant refused to make the shipment. The defendant contended that, if the conditions prevented it from shipping the sardines in September, both parties were released from performance. The judge ordered a verdict for the plaintiff. *Held*, that the ordering of the verdict was right, the meaning of the contract being that, if there was a failure or refusal to ship the sardines in September, the plaintiff was not bound to buy the sardines from the defendant but could procure them elsewhere and hold the defendant in damages for the excess of the market price above the contract price.

CONTRACT for $515, being the excess paid by the plaintiff over the contract price for eight hundred cases of sardines, which the

defendant agreed to ship to the plaintiff in September, 1916, under a contract made on July 25, 1916, and confirmed by the defendant on July 27, 1916, and which the defendant refused to deliver, whereby the plaintiff was forced to purchase the sardines called for by the contract in the open market at a greatly increased price. Writ dated December 20, 1916.

In the Superior Court the case was tried before *McLaughlin,* J. At the close of the evidence, which is described in the opinion, the judge ordered a verdict for the plaintiff in the sum of $515, the parties agreeing upon that amount of damages if the plaintiff was entitled to recover, and reported the case for determination by this court, with the stipulation that, if upon all the evidence the judge should have ordered a verdict for the defendant, judgment should be entered for the defendant; and that, if there was any question of fact that should have been submitted to the jury, whether it related to the interpretation of the contract or any other matter affecting the liability of the defendant, judgment should be entered for the plaintiff in the sum of $515 with interest from the date of the verdict.

*C. S. Tilden,* for the defendant.

*W. J. Barry,* for the plaintiff.

BRALEY, J. The parties are not in controversy over the facts, and the question for decision is whether on the record a contract was entered into for breach of which the defendant is liable.

It appears that on July 25, 1916, the defendant's agent negotiated a sale to the plaintiff of a carload of eight hundred cases of sardines, and the memorandum of sale as finally confirmed on July 27, 1916, contained the words "September shipment or no sale." The plaintiff having demanded shipment in September, which the defendant refused to make, the present action is brought to recover the difference between the contract price and the market price the plaintiff was obliged to pay by reason of the defendant's non-performance. The defendant contends, that, if conditions prevented it from shipping the sardines in September, there was no sale, and accordingly neither party became liable to the other for a breach.

It is urged that, the contract being void for uncertainty, it never became operative. But, even if the parties may have misapprehended its terms, or it may be obscure, or difficult of

satisfactory construction, these are no reasons for setting the contract aside. It can be enforced unless it is wholly unintelligible. *Rice* v. *Dwight Manuf. Co.* 2 Cush. 80. And the intention of the parties may be ascertained by the application of its terms to the subject matter. "If the previous negotiations make it manifest in what sense the terms of the contract are used, such negotiations may be resorted to as furnishing the best definition to be applied in ascertaining the intention of the parties." *Keller* v. *Webb,* 125 Mass. 88. The deposition of the agent shows, that the plaintiff desired "August caught" sardines to be shipped in September, and the defendant's letter of September 21 states that owing to the shortage of fish, 'tin plate, and strikes of freight employees, there is "no prospect of any improvement or when deliveries on contracts can be expected, most packers still being deeply buried under orders previously taken." It also is shown that between the date of sale and the following September sardines had risen greatly in price. The intention of the plaintiff to buy, and of the defendant to sell eight hundred cases of sardines at the price named is certain, and "When a party enters into a written contract, in the absence of fraud or imposition, he is conclusively presumed to understand the terms and legal effect of it, and to assent to them." *Rice* v. *Dwight Manuf. Co. supra,* 87.

By the words "September shipment or no sale," the general purpose of the contract is not cut down. It is to be construed as meaning that shipment or delivery is to be made during that month to which the defendant's performance is strictly limited or there is no binding sale. When this construction is adopted there is no repugnancy, and all the essential terms are given full effect. *Perkins* v. *Hanks,* 188 Mass. 120, 123. *Washburn-Crosby Co.* v. *Home Ins. Co.* 199 Mass. 463, 465. *Curtis* v. *Ogden,* 217 Mass. 83, 86. While the failure to comply with the demands made in August and in October did not constitute a breach, the defendant's refusal to ship in September entitles the plaintiff to damages, the measure of which is not in dispute. The presiding judge therefore correctly refused to order a verdict for the defendant, and in accordance with his report judgment is to be entered for the amount stipulated, with interest from the date of the verdict.

*So ordered.*