**WERTHAN BAG CO. v. HOUSTON BAG & BAGGING CO. (No. 8026.)**

(Court of Civil Appeals of Texas. Galveston. March 30, 1921. Rehearing Denied April 28, 1921.)

1. Sales ⚖═81(4), 85(2) — Failure to order goods in time for delivery to purchaser held not excusable; "delay beyond the seller's control."

Under a contract of sale of burlap which the seller was to import from Calcutta, India, the seller's failure to make delivery in time, which failure was occasioned by the seller's neglect to order the goods in time for delivery on the date contracted for, was not excusable as a "delay beyond the seller's control" under a clause making delivery subject to delay by reason of strike, embargo, or other cause beyond the seller's control, nor could the seller be relieved from liability for such failure by construing, in accordance with the seller's contention, the contract provision that "this sale is against goods to arrive, and seller is allowed a reasonable time, after receipt of goods, to deliver hereunder," as making the seller's obligation to deliver conditional upon the seller's prior actual receipt of the goods.

2. Appeal and error ⚖═1051(4) — Parol evidence as to meaning of written contract, if erroneous, held harmless.

In an action for failure to deliver burlap sold, where the contract contained a casualty clause, but the delay was caused by the seller's failure to order the goods in time, parol evidence as to the meaning in the burlap trade of certain recitations in the contract as to delay, if erroneous, *held* harmless, where the written agreement clearly meant what the witness said it did.

3. Appeal and error ⚖═882(8) — Parol evidence as to written contract held harmless where same testimony given by adverse party without objection.

In an action for failure to deliver burlap sold under a contract excusing delivery for certain causes, where it appeared that the failure was due to the seller's neglect to order the goods in time, parol evidence as to the meaning in the burlap trade of certain recitals of the contract as to delivery if improper *held* harmless, where the same testimony was given without objection by defendant's own witnesses.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by the Houston Bag & Bagging Company against the Werthan Bag Company. Judgment for plaintiff on a directed verdict, and defendant appeals. Affirmed.

Love, Wagner & Wagner, of Houston, for appellant.

Baker, Botts, Parker & Garwood and Rodman S. Cosby, all of Houston, for appellee.

GRAVES, J. The judgment for $8,200 here complained of by appellant represented the damage the court below found it had caused appellee by its failure to deliver to the latter —pursuant to their written contract to that effect of date March 11, 1919—during the first half of September, 1919, 100,000 yards of 40-inch 8-ounce burlap at 6 cents per yard. The sum awarded was the difference between the contract price of 6 cents per yard and the market price at Houston on September 15, 16, and 17, 1919, of 14.2 cents per yard on the 100,000 yards.

Under peremptory instruction the cause was taken from the jury and so determined by the court. which action appellant says was error, first, because the contract, under its terms and legal effect, imposed no obligation on it to deliver the burlap, unless and until it had itself received the same, which the evidence failed to show.

[1] We are unable to give the contract the construction thus contended for. The provision now involved was this:

"This sale is against goods to arrive, and seller is allowed a reasonable time, after receipt of goods, to deliver hereunder. Seller may cancel this contract if goods covering order are lost or destroyed. Delivery is subject to

delay by reason of strike, embargo, or other cause beyond seller's control."

We think, in the attendant circumstances, this at least bound appellant to use reasonable diligence to deliver the goods during the first half of September, subject only to its stated right to cancel for their loss or destruction and to delay "by reason of strike, embargo, or other cause beyond seller's control," and did not confer upon it the absolute right—without reference to diligence or effort on its own part in procuring the goods—to deliver or not as it chose. Indeed, appellant's own witness Leonard Werthan did not understand the matter differently, for he testified:

"The provision of the contract upon which the suit is filed, reading: 'Sold, Houston Bag & Bagging Company, Houston, Texas. When ship, first half of September, 1919. Terms, cash. Freight, f. o. b. Houston, Texas'—means that the stuff was to be delivered f. o. b. the cars Houston during the first half of September, 1919; it means that the goods were to be loaded free on board of cars at Houston, provided there was no delay beyond our control, seller's control, and to do that during the present half of September. With reference to whether or not that means that we were to deliver the stuff Houston f. o. b. the cars during the first half of September 1919, unless there was some unexpected and extraordinary delay over which we had no control, I repeat my answer by saying we were to load the goods on the cars free on board Houston, provided there was no delay beyond our control, and do that during the first half of September, 1919, I think is what the contract reads. The contract reads that the Werthan Bag Company shall ship the goods the first half of September, 1919, subject to the casualty clause. They were to be shipped free on board the cars Houston. That was to be done during the first half of September, 1919, subject to delay.

"Q. Now, you don't mean subject to delay; you mean subject to some delay over which you had no control, and which you could not prevent? A. That is exactly what I mean.

"Q. If the stuff was delayed because you did not order it from Calcutta in time to get it here within that, then that isn't the delay you are talking about, is it? A. I would say, if the goods were not ordered in time, it was not delayed, because there was no provision made for that, not being ordered in time, if that is the question. I don't know that I clearly understand the question."

Both parties were engaged in the burlap business; it was not only mutually known and contemplated in making the contract that these goods were to be imported from Calcutta, India, but the appellee's manager was then told that they would be shipped in either April or May, probably May. Under the plain implication from the written agreement, as well as from this direct understanding as to what was to be done pursuant to it, the Werthan Company was not privileged to order the goods shipped from Calcutta at such a time as would have made delivery at Houston by the middle of September impossible, but rather was obliged to use reasonable and diligent effort to get the shipment there by that time. Abe Stein Co. v. Robertson, 167 N. Y. 101, 60 N. E. 329; Wonalancet Co. v. Collins, Plass, Thayer Co., 234 Mass. 427, 125 N. E. 700; Eppens v. Littlejohn, 164 N. Y. 187, 58 N. E. 19, 52 L. R. A. 811; Connell Bros. v. Diederichsen, 213 Fed. 737, 130 C. C. A. 251; Haber v. Jacobson, 185 App. Div. 650, 173 N. Y. Supp. 524; Letts-Parker v. Marshall, 232 Mass. 504, 122 N. E. 647.

In the Stein Case just cited the court said:

"But the principle that, if the goods specified and described in the contract do not arrive, a condition which terminates the contract exists, and the seller is not liable, has no application where the contract contains either a warranty that the shipment has been made, or an express agreement upon the part of the seller to make shipment of goods described. In the latter case the contract is an existing and continuing one, and its provisions as to the quality of the goods are not only conditions precedent to any obligation upon the part of the buyer to accept them, but, where the seller fails to ship goods of the quality required, the buyer is also entitled to such damages as he sustains by reason of such failure."

The same doctrine was even more plainly declared in the Connell Case as follows:

"To say the least, therefore, it was its duty to use reasonable diligence to provide suitable means of transportation within the specified time. While the contract was entered into on October 17, 1911, and the shipment was to be made during the following February, apparently no effort was made to charter a vessel until December, and no serious effort until after the middle of that month."

Under the undisputed evidence here, no such diligent effort or reasonable prudence was used. The burlap was never delivered at all, and while ordered to be shipped out of Calcutta by July 22d, it did not in fact leave that port until on or about August 4th, which made it impossible for delivery to be effected at Houston by the 15th of September. One witness for appellant figured out that, had it left Calcutta on July 22d, it might by bare possibility have reached Houston on September 16th or 17th, not allowing for any delays at all, but even he admitted that delays were frequent and his company rarely counted on anything else. It was further shown that burlap was coming into this country freely from Calcutta during May, June, July, and August of the same year, and that, had this shipment left there at any time during the months of April, May, or up to June 15th, it would have reached Houston in ample time for delivery before the middle of September.

It is accordingly clear that no issue arose as to whether or not a delay resulted from any cause specified in the casualty clause of

this contract. Traylor v. Crucible Steel Co., 192 App. Div. 445, 183 N. Y. Supp. 181; Simpson Bros. v. John R. White Co. (C. C.) 187 Fed. 419; New York Coal Co. v. New Pittsburg Coal Co., 86 Ohio St. 140, 99 N. E. 198; American Bridge Co. v. Glenmore Distilleries Co. (Ky.) 107 S. W. 279.

The second ground for the claim of error is that, since by its terms the contract expressly conditioned appellant's obligation to deliver on its own prior receipt of the burlap, the parol testimony of the witness Vaughan as to the meaning in the burlap trade of certain of its recitations, of both Vaughan and Lipper as to the customs prevailing in the business with reference to the obligations of and the time sellers under such contracts usually took in ordering goods, and of Lipper alone to the effect that these customs required the seller in case of delay in arrival to secure the goods with which to fill the order on the open market, were inadmissible as varying and contradicting the written agreement.

[2, 3] Aside from its predication upon an erroneous interpretation of the contract, the further answer to this contention is that the testimony, if improper, was harmless because: (1) The written agreement clearly meant what these witnesses said it did; (2) the same testimony was given without objection by appellant's own witnesses.

It is last insisted that the testimony of Arthur Lipper as to the market price of burlap at Houston should not have been received. There is no merit in the assignment. This witness not only testified as to the market value in Houston, but there was abundant corroboration of what he said from other sources.

The trial court did not err in directing a verdict; its judgment has been in all things affirmed.

Affirmed.

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes