McEvoy, J.
Martin Annis (“Annis”) and AnnisTech, Inc. (collectively, “plaintiffs”) filed an eleven-count complaint against American Science and Engineering, Inc. (“AS&E”) and others (collectively, “defendants”) alleging, inter alia, breach of contract, interference with advantageous relations, and violation of c. 93A. Defendants answered the complaint and filed a five count counterclaim alleging, inter alia, breach of contract and breach of fiduciary duty. Portions of the case were tried to a jury from April 5, 1995 until a jury verdict was reached on April 20, 1995. Prior to trial, Counts IV, V, VI, and VII of the Amended Complaint were waived. During trial, directed verdicts were entered on Counts I and II of the Amended Complaint without objection. Count IV of the Amended Counterclaim was waived prior to the submission of the case to the jury.
Prior to trial, counsel for the parties agreed to sever Counts VIII through XI of the Amended Complaint and Count V of the Amended Counterclaim from the rest of the remaining counts. They agreed to this upon the condition that this Court would make a determination on the relevant issues relating to the interpretation of certain portions of two employment agreements signed by Martin Annis. See, Amended. Memorandum of Decision and Order, dated April 5, 1995, McEvoy, J. The determination of those relevant issues is now before this Court and relates to these severed counts.
DISCUSSION
At issue here is a November, 1981 Agreement (“1981 Agreement”) signed by Annis andaJune, 1983 (“1983 Agreement”) between Annis and AS&E. Paragraph ten, the relevant portion of the 1983 Agreement, states:
Entire Agreement. This Agreement supersedes all previous agreements between Annis and the Corporation and contains the entire understanding and agreement between the parties with respect to the subject matter hereof. . . (emphasis added).
Paragraph one, the relevant portion of the 1981 Agreement, states:
The Company shall have the complete and entire right, title, and interest in and to all inventions, discoveries, improvements, developments, and any confidential material relating in any manner to the business, carried on by the Company, now or hereafter, and which I have made or originated or may hereafter make or originate during my employment by the Company or at any time within one year after termination of such employment (emphasis added).
Annis argues that he is not bound by the “one year’” provision in paragraph one of the 1981 Agreement. He contends that the word “termination” is ambiguous and should therefore be strictly construed against AS&E. Annis also asserts that the “Entire Agreement” clause of the 1983 Agreement is ambiguous and should be strictly construed against AS&E. AS&E responds that the “Entire Agreement” clause only applies to the subject matter of that Agreement, which does not include the company’s right to inventions, discoveries and the like. Moreover, AS&E claims that the word “termination” in the 1981 Agreement is not ambiguous and clearly applies to both voluntary and involuntary terminations.
When interpreting and construing a contract, the Court must look at the contract as a whole. King Features Syndicate, Inc. v. Cape Code Broadcasting Co., Inc., 317 Mass. 652, 654 (1945)). Special empha *76 sis should not be placed on any one part of the contract. Rosen v. A-H, Inc., 17 Mass.App.Ct. 126, 130 (1983), citing, Morrill & Whiton Construction Co. v. Boston, 186 Mass. 217, 220 (1904).
Initially, this Court must determine whether paragraph ten of the 1983 Agreement supersedes the terms of the 1981 Agreement. In looking at the 1983 Agreement as a whole, this Court finds that the purpose of the agreement was to describe Annis’ new position as Chief Executive Officer. The Agreement provides a benefit package to Annis and describes his rights throughout his employment and after termination. The subject matter of the 1983 Agreement is limited to Annis’ duties, benefits, and rights. There is no discussion of the rights of the company. Notably, paragraph ten limits itself to “the subject matter hereof.” Clearly, the subject matter of the 1983 Agreement does not include the rights of the company to any inventions of Annis for one year after his termination. In fact, no part of the 1983 Agreement inures to the benefit of the company. Thus, the 1983 Agreement supersedes any prior agreement regarding Annis’ duties, rights, and benefits but does not supersede the 1981 Agreement.
This conclusion is true notwithstanding paragraph seven of the 1983 Agreement which is entitled “Involuntary Termination.” Paragraph seven is solely a description of Annis’ right to his salary if he is involuntarily terminated. Only a broad interpretation of the term “subject matter hereof’ supports the conclusion that the provisions of paragraph one of the 1981 Agreement have been superseded by the 1983 Agreement. This Court is unwilling to take such a broad view of that phrase. As previously noted, there is no discussion in paragraph seven or anywhere in the 1983 Agreement of the rights of the company. Therefore, the rights of the company upon termination is not a “subject matter” of the 1983 Agreement. Thus, the Court must now look to the 1981 Agreement to determine if Annis is bound by its terms.
At the jury trial, Annis admitted that all employees, including himself, are bound by the terms of the 1981 Agreement. At issue here is a claimed ambiguity regarding the word “termination” in paragraph one of the 1981 Agreement. This Court finds no such ambiguity. Where a term is not ambiguous, it should be given its plain and ordinary meaning. Fay. Spofford & Thorndike Inc. v. Massachusetts Port Authority, 7 Mass.App.Ct. 336, 342 (1979). There is no indication in the 1981 Agreement that “termination” should be limited to only voluntary terminations. The provision at issue is meant to protect the legitimate interests of the company with respect to inventions, discoveries, and the like for one year after an employee is terminated. That interest needs to be protected whether an employee is voluntarily or involuntarily terminated. Therefore, giving “termination” its plain and ordinary meaning, this Court finds that the “one year” provision applies to both voluntary and involuntary terminations.
ORDER
Based on the foregoing, it is hereby ADJUDGED that the 1983 Agreement does not supersede the terms of the 1981 Agreement and that Martin Annis is bound by the terms of the 1981 Agreement, specifically paragraph one regarding American Science & Engineering, Inc.’s right, title, and interest in and to all inventions, discoveries, and the like for one year after Martin Annis’ termination.