JPMorgan Chase & Co., Inc., & another[1] vs. Carlo Casarano, trustee.[2]

No. 11-P-622.

Suffolk. December 6, 2011. - February 28, 2012.

Present: Katzmann, Smith, & Grainger, JJ.

*Mortgage,* Real estate, Discharge, Validity. *Real Property,* Mortgage. *Contract,* Under seal. *Limitations, Statute of. Practice, Civil,* Summary judgment.

In a civil action commenced in the Land Court to quiet title and establish the primacy of a first mortgage on a certain parcel of real property, the judge properly granted summary judgment in favor of the plaintiffs (the holders of the first mortgage), where, given that the note relating to a second mortgage was lost, the terms of the second mortgage were insufficient as a matter of law to demonstrate the existence, much the less the amount, of a current debt, and therefore, there was no possibility of ascertaining whether the statute of limitations would render the missing note unenforceable; and where the second mortgage document itself did not constitute a valid enforceable contract. [355-357]

Civil action commenced in the Land Court Department on April 3, 2007.

The case was heard by *Alexander H. Sands, III,* J., on motions for summary judgment.

*Mark W. Miller* for the defendant.

*Robert E. McLaughlin, Jr.,* for the plaintiffs.

Grainger, J. This appeal arises from a grant of summary judgment by a judge of the Land Court invalidating a mortgage due to a lack of material terms. We affirm.

*Background.* The judge found the following facts, which are undisputed. Mary Odoms-Harris[3] executed a mortgage in the amount of $108,000 in favor of First Eastern Mortgage Cor-

[1]Wells Fargo Bank National Association.
[2]Of the Ford Realty Trust.
[3]In the record and in the defendant's brief, she is referred to as Mary Wells.

poration (first mortgage) to finance her purchase of certain property in the Dorchester section of Boston. On the same day she executed a second mortgage for $15,443 in favor of one of the sellers, Kevin Crosby (second mortgage). Thereafter, in an extended series of refinancing transactions over the course of eighteen years, the first mortgage was repeatedly discharged and replaced by another, the last of which eventually was assigned to the plaintiff Wells Fargo Bank National Association (Wells Fargo). Shortly after Odoms-Harris purchased the property, while the first mortgage was still held by First Eastern Mortgage Corporation, Crosby assigned the second mortgage to the Ford Realty Trust, of which defendant Carlo Casarano is now the trustee. It is undisputed that at some point prior to this action, the note relating to the second mortgage was lost. The second mortgage itself specifies the amount of debt the mortgage secures and the interest rate thereon, but is silent on additional terms such as the payment schedule,[4] default terms, assignability, whether the note is under seal, and whether the instrument is a demand or term note and, if the latter, the maturity date. The defendant proffered no additional evidence relating to the terms of the note.[5]

The plaintiffs filed a complaint for declaratory judgment in the Land Court seeking to quiet title and establish the primacy of the first mortgage in its entirety. The judge, on motions for summary judgment, ruled that the putative note secured by the second mortgage was unenforceable and the second mortgage was therefore discharged.[6] More specifically, the judge found that due to a lack of material terms resulting from the loss of the note or, alternatively, the lack of material terms in the mortgage document imputable to the lost note, the statute of limita-

---

[4]The printed mortgage form used by the parties who originated the second mortgage provides the option of a monthly or semiannual payment schedule, but neither option was marked.

[5]Institutional lenders customarily produce ledger entries and related business records to establish the terms of a debt when the note itself is missing; this, however, was a so-called individual seller's "take-back" financing arrangement.

[6]The judge also considered the plaintiffs' entitlement to equitable subrogation, concluding that the second mortgage was equitably subrogated to the first in the amount of the original debt incurred to First Eastern Mortgage Corporation. As we conclude that the judge correctly determined that the second mortgage is unenforceable, we do not address this issue.

tions could not be applied and therefore the note was lacking an essential term. See *Targus Group Intl., Inc.* v. *Sherman*, 76 Mass. App. Ct. 421, 431 (2010) ("indeterminate material terms can render an attempted agreement too uncertain for enforcement").[7] We reserve the recitation of other pertinent facts as necessary for our consideration of the legal issues.

*Discussion.* We review the grant of a motion for summary judgment de novo. See *Matthews* v. *Ocean Spray Cranberries, Inc.*, 426 Mass. 122, 123 n.1 (1997). The defendant argues that although the note that the mortgage secures is lost, rendering many of its terms unascertainable, the mortgage alone creates a contractual obligation. Because the mortgage, but not the note, was clearly signed under seal, with its concomitant twenty-year limitations period, the defendant further argues that the statute of limitations does not bar its enforcement.[8] We decline to adopt this approach, which would abandon long-established statutory and common law relating to mortgages.

Under Massachusetts law, a mortgage is a "conveyance made for the purpose of securing performance of a *debt or obligation*" (emphasis added). G. L. c. 260, § 35, as appearing in St. 2006, c. 63, § 7. See *Palmer* v. *Fowley*, 5 Gray 545, 547 (1856) ("The substance of the contract of mortgage is, that if the *debt* is not paid, the mortgagee shall have the interest in the land, which his mortgagor had" [emphasis added]); *Perry* v. *Miller*, 330 Mass. 261, 263 (1953) ("A mortgage of real estate is a conveyance of the title or of some interest therein defeasible upon the payment of money or the performance of some other condition"); Black's Law Dictionary 1101 (9th ed. 2009) (mortgage is "[a] conveyance of title to property that is given as security for the payment of a debt"); Restatement (Third) of Property (Mortgages) § 1.1 (1997) ("A mortgage is a conveyance or retention of an interest in real property as security for performance of an obligation"). Without a valid promissory

---

[7] The previous formulation applied to this problem was "wholly unintelligible," see, e.g., *Letts-Parker Grocer Co.* v. *W.R. Marshall & Co.*, 232 Mass. 504, 506 (1919), which we consider to be an overstatement of the proper standard.

[8] The six-year statute of limitations for an action in contract has run. Only the twenty-year statute for an instrument under seal will now avail the second mortgage holder.

note, a mortgage is generally not enforceable. See *Saunders* v. *Dunn*, 175 Mass. 164, 165 (1900) (mortgage not enforceable where underlying promissory note lacked consideration).

Here, where the note was lost, the judge found evidence[9] that the note required monthly payments of $100 and that the debt was subject to an interest rate of ten percent per annum. Whether the note was payable on demand or for a specific term could not be ascertained; neither was there any evidence competent to determine whether the note was executed under seal.[10] Moreover, there was no evidence of any terms that would reveal whether the debt was in default. The terms of the second mortgage, now the only documentary evidence, are insufficient as a matter of law to demonstrate the existence, much less the amount, of a current debt.

Promissory notes are contracts and are analyzed as such. See, e.g., *Robbins* v. *Krock*, 73 Mass. App. Ct. 134, 138 (2008); 3 Corbin, Contracts § 10.21 (rev. ed. 1996); Restatement (Second) of Contracts § 6 (1981). "Where the existence of a contract is in issue, the burden is on the [party seeking performance]." *Canney* v. *New England Tel. & Tel. Co.*, 353 Mass. 158, 164 (1967). The foundational requirements of a valid contract are "offer, acceptance, consideration, and terms setting forth the rights and obligations of the parties." *Haverhill* v. *George Brox, Inc.*, 47 Mass. App. Ct. 717, 720 (1999). Nevertheless, "[i]t is not required that all terms of the agreement be precisely specified" so long as the material terms are ascertainable. *Situation Mgmt. Sys., Inc.* v. *Malouf, Inc.*, 430 Mass. 875, 878 (2000).

As the judge correctly concluded, even if the terms of the missing note were deemed to support a cause of action, there is no possibility of ascertaining whether the statute of limitations would render it unenforceable. While an existing note and mortgage are to be read together, *Kattar* v. *Demoulas*, 433 Mass. 1, 11 n.7 (2000), the unenforceability of a missing note is

---

[9] This evidence was in the form of deposition testimony by Odoms-Harris that the note called for monthly payments, and a letter relating to the settlement of a claim against Odoms-Harris.

[10] The judge correctly rejected the defendant's argument that the seal on the mortgage was evidence sufficient to infer the existence of a seal on the note. See note 8, *supra*.

certainly not remedied by the interpretive device of importing terms, themselves insufficient, from the mortgage.

Alternatively, the defendant urges us to find that the mortgage document itself constitutes a valid enforceable contract. However, the terms of the mortgage do not supply specificity sufficient to reconstruct the note, and they are equally inadequate in the mortgage taken alone.[11]

*Judgment affirmed.*

---

[11]The defendant points to *Holt* v. *Federal Deposit Ins. Corp.*, 216 B.R. 71, 75-76 (D. Mass. 1997), for the proposition that mortgages are contracts in and of themselves. *Holt* is inapposite as the mortgages involved in that case contained all the terms of the promissory note, whereas here, the note is lost and the terms of the mortgage are insufficient. See *id.* at 77.