WASHBURN-CROSBY COMPANY *vs.* HOME INSURANCE
COMPANY & another.

Suffolk. March 19, 1908. — September 4, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Insurance,* Fire. *Railroad. Warehouseman.*

A policy of insurance against fire issued to a railroad corporation, which states
that it is a policy "attaching upon the property, interest and legal liability" of
the corporation and that it includes property held by the insured as a common
carrier or warehouseman, or under any bill of lading, and property of all kinds
"for which the insured may be legally liable," does not insure the interest of
the owner in the goods which are held by the railroad corporation in its cus-
tody as warehouseman; and if goods so held are destroyed by a fire, which was
caused by lightning and was due to no negligence of the railroad corporation,
the owner of the goods cannot maintain a suit in equity against the insurance
company and the railroad corporation to have the insurance of the interest of
the railroad corporation applied for his benefit.

BILL IN EQUITY, filed at first in the Superior Court on July 3,
1903, removed to and filed in the Supreme Judicial Court on
October 25, 1906, and amended by leave of that court on No-
vember 24, 1906, against the Home Insurance Company, a cor-
poration organized under the laws of the State of New York
and having a usual place of business in Boston, and the Boston
and Maine Railroad, a corporation organized under the laws of
this Commonwealth, to compel the defendant insurance com-
pany to pay to the plaintiff the value of six hundred and eighty-
six sacks of flour which belonged to the plaintiff and were
destroyed by fire on July 5, 1904, while in a warehouse of the
defendant railroad company on Mystic Wharf in that part of
Boston called Charlestown, and which were alleged to have
been insured for the benefit of the plaintiff by a policy of insur-
ance described in the bill issued by the defendant insurance
company to the defendant railroad company.

The answers of the two defendants denied that the policy
referred to in the bill covered any interest of the plaintiff in the
property destroyed by fire, and alleged that the fire which de-
stroyed the property was caused by lightning and was not due
to any negligence of the defendant railroad company, which

held the property in its custody as warehouseman and was not liable for its loss.   The defendant insurance company filed a cross-bill alleging that it was not the intention or the agreement of the insurance company and the railroad company to insure the interest of the plaintiff in any merchandise or property, or the interest of any person other than the railroad company, but to insure only the interest and liability of the railroad company, with its charges, and that such was always believed and understood by the two companies to be the true meaning, construction and effect of the policy as written, but that, if the true construction and effect of the policy was alleged by the plaintiff, that the policy had not been written in accordance with the agreement and intention of the parties to it, and should be corrected and reformed so as to express such agreement and to cover only the interest of the railroad company and its liability, with its charges, and praying that the mistake might be corrected and the policy be reformed so as to carry out the intent and agreement of the parties thereto.

The policy was in the Massachusetts standard form.   The material portions of it are quoted or described in the opinion.

The case was heard by *Sheldon*, J., who found " that the insurance mentioned in the bill was not intended to cover the interest of the plaintiff, or of other owners of property in the warehouse," and made a final decree that the plaintiff's bill be dismissed, and that the cross-bill of the defendant insurance company for reformation of the contract of insurance also be dismissed, but without prejudice to the further prosecution of the cross bill in case the decree dismissing the original bill should be reversed.

The plaintiff appealed.   The evidence, taken by a commissioner appointed under Chancery Rule 35, was reported to the full court.

*R. Homans*, for the plaintiff.

*L. S. Dabney & E. M. Parker*, for the defendants, were not called upon.

LORING, J.   No case has been cited by the plaintiff where the interest of a third person in property described in a policy of insurance has been held to be covered by the policy, in the absence of a provision in the policy that it is for the

benefit of whom it may concern, or equivalent words. The words "in trust or on commission" in policies issued to warehousemen or commission merchants have been held to be equivalent words. See, for example, *Johnson* v. *Campbell*, 120 Mass. 449.

The policy in the case at bar in terms provides that it is a policy "attaching upon the property, interests and legal liability of the Boston and Maine Railroad." That is the equivalent of a statement that it is not a policy for the benefit of whom it may concern.

The plaintiff's contention is that this direct stipulation as to the character of the policy is overcome by the description of the contents of buildings which are insured by it. The argument put forward by its counsel is that the words "or held by the insured as common carriers or warehousemen, or under any bill of lading, including all charges, their own, advanced, or due to other lines of railroads or steamboats" constitute a class of insurance in addition to those described in the two previous classes, to wit, (1) "merchandise and property of all kinds (excepting furniture and fixtures and telegraphic instruments) belonging to the insured," and (2) merchandise and property of all kinds (excepting furniture and fixtures and telegraphic instruments) "for which the insured may be legally liable." That may be conceded. But these words in this policy (which is in terms confined to "the property, interests and legal liability" of the insured) are to be construed to cover property (1) not owned by the insured, and (2) property for which the insured is not liable but in which it has an interest, held by it as common carriers or warehousemen, or under any bill of lading. It is further provided that the interest of the insured (the Boston and Maine Railroad) is to include all charges, their own, advanced, or due to other lines or railroads or steamboats. See in this connection *Morrill & Whiton Construction Co.* v. *Boston*, 186 Mass. 217.

The plaintiff's counsel asked if this were so why the words "loss if any payable to said Boston and Maine Railroad" were inserted. They evidently were inserted *ex majore cautela* because the policy covered goods not owned by the Boston and Maine Railroad, for the loss of which it was legally liable.

We find nothing in the evidence to control the plain meaning of the written contract.

The Boston and Maine Railroad did not own the flour here in question, it was not liable for it, and this suit is not brought to recover indemnity for loss suffered by the Boston and Maine Railroad because it had an insurable interest in the flour. On the contrary it is brought to compel the insured to recover indemnity for the loss suffered by the owner of the flour on the ground that its [the owner's] interest was insured by it. The entry must be

*Decree affirmed.*