## ST. LOUIS & S. F. R. CO. v. CUNDIEFF.

(Circuit Court of Appeals. Eighth Circuit. February 10, 1911.)

### No. 3,431.

APPEAL AND ERROR (§ 1097*)—DECISION ON FORMER APPEAL—LAW OF THE CASE.

Where a judgment for plaintiff is reversed on a former appeal for error in refusing to direct a verdict for defendant, because plaintiff was negligent, as a matter of law, such determination is the law of the case on a retrial, unless the evidence then introduced is so different from that previously considered by the appellate court as to justify a different conclusion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368; Dec. Dig. § 1097.*]

In Error to the Circuit Court of the United States for the Eastern District of Oklahoma.

Action by George Cundieff against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

E. T. Miller (W. F. Evans, R. A. Kleinschmidt, and J. H. Grant, on the brief), for plaintiff in error.

Charles B. Rogers, for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and W. H. MUNGER, District Judge.

ADAMS, Circuit Judge. This writ of error challenges a judgment rendered in favor of Cundieff against the railroad company for injuries claimed to have been occasioned by negligent acts of its agents and servants.

When the case was here before (96 C. C. A. 211, 171 Fed. 319) we held on the evidence then before us that the plaintiff appeared to be guilty of contributory negligence as a matter of law, reversed the judgment in his favor, and remanded the cause for a new trial. Another trial has been had, resulting in a second judgment in his favor. The only assignment of error presented for our consideration is whether the trial court erred in refusing to instruct a verdict in favor of the railroad company because of contributory negligence on the part of the plaintiff.

If the evidence was substantially the same on this issue as at the first trial, the law of the case would preclude any reconsideration of it now. If, on the other hand, new and material evidence was introduced at the second trial on this issue, we must again consider it. Beiseker v. Moore, 98 C. C. A. 272, 174 Fed. 368; National Surety Co. v. Kansas City H. P. Brick Co. (C. C. A.) 182 Fed. 54.

No practical good can come from an analysis of the evidence, or a comparison of it with what was before us on the former appeal. Suffice it to say it is considerably different in material respects from what it then was, enough so to warrant a new consideration by us. This has been given, and we conclude that there was substantial evidence to warrant a submission of the issue in question to the jury.

The judgment is affirmed.