**HOME BLDG. & SAV. ASS'N v. NEW AMSTERDAM CASUALTY CO.**

No. 8722.

Circuit Court of Appeals, Eighth Circuit.

Dec. 15, 1930.

J. R. Bush, of Prescott, Ark. (John D. Arbuckle, of Ft. Smith, Ark., on the brief), for appellant.

Cecil R. Warner, of Ft. Smith, Ark. (Garner W. Denmead, of Baltimore, Md., Buzbee, Pugh & Harrison, of Little Rock, Ark., and Harry P. Warner, of Ft. Smith, Ark., on the brief), for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and OTIS, District Judge.

VAN VALKENBURGH, Circuit Judge.

Appellant is an Arkansas corporation with its principal place of business at the city of Ft. Smith in said state. It appointed one Dan Dewberry local agent at Texarkana, Ark., and December 14, 1925, appellee, issued to appellant a surety bond, whereby it undertook to reimburse appellant to the extent of $5,000 on account of any pecuniary loss appellant might sustain because of any act of larceny or embezzlement on the part of such employee. The bond in question contained the following provision:

"That the Employer, on his becoming aware of any act which may be made the basis of any claim hereunder, shall immediately give the Company notice thereof in writing, by a registered letter, addressed to the President of the Company, Baltimore, Maryland, and shall, within ninety days after his becoming aware of such fact as aforesaid, file with the Company his itemized claim hereunder at his own cost and expense with full particulars thereof duly sworn to; and, if required, the Employer shall also produce in support thereof for investigation by the Company or its representatives at the office of the Employer all appropriate books, vouchers and evidence as may be required by the Company; and this bond shall become void both as to any existing or future liabilities thereunder unless the aforesaid notice shall have been given as provided for, and unless claim is filed within the time and manner above specified, and until such books, vouchers and evidence (if required) have been furnished to the Company for investigation as above stated; Provided, that no

claim shall be payable hereunder that shall be filed with the Company after the period of six months from the expiration or cancellation of this Bond, or after a period of six months from the death, resignation or removal of the Employee occurring prior to the expiration or cancellation of this Bond."

This bond expired by its terms December 1, 1926. April 11, 1927, appellant, through its secretary and auditor, T. R. Bishop, sent to appellee the following letter:

"April 11, 1927.

"New Amsterdam Casualty Co., Baltimore, Md., 227 St. Paul St.

"Gentlemen: This is to advise you that the Home Building & Savings Association of Ft. Smith, Arkansas, holds surety bond number 315858 issued in its favor in behalf of Dan Dewberry of Texarkana, Arkansas, on December 1st, 1925, and which bond expired on the 1st day of December, 1926.

"It now appears that there exists a considerable shortage by Mr. Dewberry to the above mentioned company, and that said shortage occurred during the life of this bond.

"We are giving you this notice and just as soon as our findings are complete we shall submit full report to you.

"Very truly yours,

"Auditor, Home Building & Savings Association.

"CC—E. L. Darr, 805 Boyle Bldg.,

"Little Rock, Ark."

To this appellant, April 16, 1927, made the following reply:

"Mr. J. R. Bishop, Auditor, Home Building & Savings Association, Fort Smith, Arkansas.

"Dear Sir: We acknowledge receipt of your letter of April 11, 1927, reporting an apparent claim against Dan Dewberry, local agent at Texarkana, for the Home Building & Savings Association of Fort Smith, Arkansas.

"We note that a full report will be submitted as soon as you have completed your investigation and that you have been in touch with Mr. E. L. Darr, our Branch Manager at Little Rock. We have instructed Mr. Darr to co-operate with you and to furnish you the necessary claim papers at the proper time."

Thereafter there was no communication between the parties until August 20, 1927, when appellant wrote appellee's agent Darr, demanding payment on the bond. No itemized claim was sent to appellee, or any of

its representatives, within ninety days from April 11, 1927, nor at any other time. This letter of August 20, 1927, was sent nearly nine months after the expiration of the bond. Appellee refused payment upon the ground that the provisions of the bond above set out had not been observed by appellant.

December 15, 1928, appellant filed in the state court this suit, subsequently removed to the United States District Court for the Western District of Arkansas because of diversity of citizenship. A jury was waived by written stipulation. The court, sitting as a jury, made findings of fact and conclusions of law, found the issues for appellee, and entered judgment accordingly.

■ It is beyond dispute that appellant failed to observe the unambiguous provisions of the bond in the following particulars:

1. It did not, within ninety days after becoming aware of the acts which it made the basis of its demand, file with appellee its itemized claim duly sworn to, and

2. It filed no claim of any sort within the period of six months from the expiration of the bond, nor within the period of six months from the resignation of Dewberry, occurring prior to the expiration of the bond. Especial stress is laid upon the failure to file an itemized claim within the ninety-day period.

Such provisions of surety bonds and of insurance policies, generally, have uniformly been held to be valid and controlling conditions.

■■ "A surety is discharged if a condition known to the obligee, upon which the surety agreed to be bound, is not complied with." Rice et al. v. Fidelity & Deposit Co. (C. C. A. 8) 103 F. 427.

And the insurer, to escape liability for insured's failure to comply with provisions, need not show prejudice to its rights. St. Louis, etc., Iron Co. v. Casualty Co. (C. C. A. 8) 40 F.(2d) 344.

■ "If the terms of a policy of insurance are clear and unambiguous they are to be taken in the plain, ordinary, and popular sense," and provision of policy that "affirmative proof of loss must be furnished within 90 days after the date of such loss is valid, and compliance therewith is a condition precedent to recovery on the policy." Callen v. Massachusetts Protective Association (C. C. A. 8) 24 F.(2d) 694.

See, also, New Amsterdam Casualty Co. v. Farmers', etc., Union (C. C. A. 8) 2 F.(2d) 214; New Amsterdam Casualty Co. v. Fire Insurance Co. (C. C. A. 8) 4 F.(2d) 203; Commercial Casualty Co. v. Fruin-Colnon Contracting Co. (C. C. A. 8) 32 F.(2d) 425; Clements v. Preferred Accident Co. (C. C. A. 8) 41 F.(2d) 470, 472.

■ It is further to be observed that Mr. Bishop, the secretary and auditor of appellant, had custody of this bond and was entirely familiar with its provisions. Appellant, to excuse its failure to perform, claimed, in testimony and argument, that it would have been impossible for the association fully to have completed its investigation of Dewberry's shortage before September, 1927. In the same breath, however, it makes the inconsistent contention and fatal admission that, if it had not thought the necessity of prompt filing of itemized claim had been waived by appellee, it could and would have filed for items sufficient to have exhausted the penalty of the bond. Being mindful of the provisions of the bond, and being able, as it now says, to have made, within time, an itemized claim sufficient to exhaust the penalty of that bond, it is obvious that, in the absence of waiver, the association and its officers were guilty of gross negligence in failing to file that claim in time. The defense of "impossibility" vanishes; but, in any event, this defense is not available to appellant under the explicit terms of the bond. That instrument covered only such larcenies and embezzlements as could be itemized and reported within ninety days. The main reliance of appellant is upon waiver by appellee of the necessity of filing claim within the stated period. This contention depends entirely upon the construction of appellee's letter of April 16, 1927. In our judgment this claim of appellant is without merit. The language of the letter in question is clear and unambiguous, and is not susceptible of such interpretation as that upon which appellant insists. By that letter appellant was simply advised that its initial notice was received, and that the casualty company would await its further investigations and the filing of its claim at the proper time when those investigations were completed. It was further advised that appropriate forms would be furnished at the proper time. All this should be taken, logically, as within the time prescribed by the policy. We have gone thus far into the facts presented by the record for the purpose of showing that appellant could have no recovery upon the merits. To prevent misapprehension on this account, we deem it proper and necessary to add that the judgment below must be affirmed, for the additional reason that the record presents

992

nothing substantial for review. The jury was waived in writing. No declarations of law were asked by either party. A number of the facts were agreed upon, and the court made findings of fact and conclusions of law. No request, motion, or similar action, challenging any finding, was made, denied, and excepted to. In such case we cannot consider whether there was any substantial evidence to support the findings. The conclusions of law made are fully warranted by the facts found, and this would control independently of our views upon the merits. Fleischmann Construction Co v. United States, etc., 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Buechle, Receiver, v. Montgomery (C. C. A. 8) 45 F.(2d) 987; Merriam v. Huselton (C. C. A. 8) 45 F.(2d) 983.

It is unnecessary to consider any further point raised, and the judgment below is affirmed.