**AMERICAN SURETY CO. OF NEW YORK v. BANKERS' SAVINGS & LOAN ASS'N OF OMAHA, NEB.**

No. 9761.

Circuit Court of Appeals, Eighth Circuit.

Nov. 21, 1933.

Rehearing Denied Dec. 26, 1933.

Matthew A. Hall, of Omaha, Neb. (Raymond G. Young and Laurens Williams, both of Omaha, Neb., on the brief), for appellant.

Clement L. Waldron, of Omaha, Neb. (David O. Mathews, of Omaha, Neb., on the brief), for appellee.

Before GARDNER and VAN VALKENBURGH, Circuit Judges, and DEWEY, District Judge.

**VAN VALKENBURGH, Circuit Judge.**

This is a second appeal of an action to recover on a fidelity bond issued by appellant to appellee to cover loss to appellee for dishonesty of its secretary, one A. D. Touzalin. At the first trial below the judgment was for plaintiff, appellee here; that judgment was reversed upon the ground that plaintiff had failed to comply with the requirements of the bond, which provided that notice of loss should be given the surety company within ten days after its discovery. The case was remanded "for further proceedings not inconsistent with this opinion." That opinion is found in 59 F.(2d) 577, 580, reference to which is made for a statement of the issues and facts and the rulings thereon. A petition for rehearing was denied. The original pleadings consisted of petition, answer, and reply. Upon the coming down of the mandate, plaintiff moved for leave to amend its reply by adding thereto a new and additional paragraph as follows:

"4. Plaintiff for further reply alleges that the defendant is estopped to assert or plead as defenses herein plaintiff's alleged failure to comply with the specific requirements of its said suretyship bond with respect to time and form of filing of notice of loss and with respect to time and place of filing of formal proof of loss by reason of the following:

"(1) Defendant has not pleaded and cannot prove that the alleged delay of plaintiff in giving notice of loss or filing formal proof of claim in anywise prejudiced it or contributed to the loss; that in truth and in fact said alleged breach of conditions of said bond as to giving notice of loss and filing formal proof of claim in nowise prejudiced defendant and in nowise contributed to the loss, and therefore said defenses are precluded by the Statutes of Nebraska, Section 3187, Revised Statutes of Nebraska, 1913, now Section 44-322 Compiled Statutes of Nebraska, 1929, as particularly construed by the Supreme Court of Nebraska on October 1, 1931, in the case of George v. Ætna Casualty & Surety Co., 121 Neb. 647, 238 N. W. 36.

"(2) Defendant's denial of liability on account of plaintiff's alleged failure to give notice of loss and file formal proof of claim strictly in accordance with the policy provisions amounts to a forfeiture, and the bond or insurance contract marked Exhibit 'A', attached to plaintiff's petition and in suit herein contains no specific forfeiture clauses, and therefore the enforcement of such forfeiture as sought by defendant is contrary to and denied by the laws of Nebraska contained in the applicable decisions of the Supreme Court of Nebraska, particularly the case of George v. Ætna Casualty Co., 121 Neb. 647, 238 N. W. 36, decided by the Supreme Court of Nebraska on October 1, 1931."

This motion was granted, the amendment was made, and defendant's motion to strike said paragraph 4 was overruled. A jury was waived by stipulation, the court found the issues for the plaintiff, appellee here, and rendered judgment accordingly.

Section 44-322, Compiled Statutes of Nebraska 1929, contains this provision: "The breach of a warranty or condition in any contract or policy of insurance shall not avoid the policy nor avail the insurer to avoid liability unless such breach shall exist at the time of the loss and contribute to the loss, anything in the policy or contract of insurance to the contrary notwithstanding."

This section, taken over by successive revisions from the Revised Statutes of Nebraska 1913, was in force when the bond in suit was executed. Intermediately between the decision of this court on the first appeal and the filing of petition for rehearing, the Supreme Court of Nebraska, October 1, 1931, decided the case of George v. Ætna Casualty & Surety Co., 121 Neb. 647, 238 N. W. 36, 39, in which it construed the foregoing provi-

sion of section 44-322, and held, in reference to the failure to give the notice required by contract, that "insurer cannot avoid liability unless it is shown that such breach of condition contributed to the loss," and, further, that "a lack of literal compliance with provisions of the policy is insufficient to avoid liability where it does not contribute to the loss or injure insurer."

This section of the Nebraska Statutes was before this court on the first appeal, and was held not to apply. The case of George v. Ætna Casualty & Surety Co., supra, was brought to the attention of the court in the petition for rehearing, which was denied. While counsel for appellee seek to reargue substantially all the points raised by them on the first appeal, their main reliance is upon the quoted section of the Nebraska statute as construed by the Nebraska court of last resort. Appellant, while not abandoning any of its contentions advanced on the former appeal, emphasizes the language of this court, commanding that further proceedings should be "in conformity with the opinion and judgment of this court," as constituting the "law of the case" and finally determinative of the controversy. We think this matter may be disposed of by confining ourselves to these two main propositions of appellant and appellee.

■ Under the terms of the indemnity bond in suit, in the absence of an applicable state statute, the requirement that notice should be given the surety company within ten days after the discovery of the loss was a condition precedent to liability on the part of the indemnity company. Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452, 14 S. Ct. 379, 38 L. Ed. 231; St. Louis Architectural Iron Co. v. New Amsterdam Casualty Co. (C. C. A. 8) 40 F.(2d) 344; Home Building & Savings Association v. New Amsterdam Casualty Co. (C. C. A. 8) 45 F.(2d) 989; Odegard v. General Casualty & Surety Co. (C. C. A. 8) 44 F.(2d) 31, 37. And this is generally true whether or not the policy contains a forfeiture provision. St. Louis Architectural Iron Co. v. New Amsterdam Casualty Co., supra, loc. cit. 346 of 40 F. (2d). Such stipulations in insurance contracts, voluntarily entered into, have uniformly been recognized as valid, and are intended to foreclose speculation as to whether the insurer would be able to prevent or minimize loss if prompt notice had been given. Whalen v. Western Assurance Co. (C. C. A. 2) 185 F. 490, 492. Compare Northern Assurance Co. v Grand View Building Associa-

tion, 183 U. S. 308, 364, 22 S. Ct. 133, 46 L. Ed. 213. However, "if an insurance company does business in a state it must do so subject to such valid regulations as the state adopts," and "a state may adopt such public policy as it deems best, provided it does not in so doing come into conflict with the Federal Constitution; and, if constitutional, the legislative will must be respected, even though the courts be of opinion that the statute is unwise." Whitfield v. Ætna Life Ins. Co., 205 U. S. 489, 495, 27 S. Ct. 578, 51 L. Ed. 895.

■ "The character of the covenants of a contract for life insurance depends upon the law of the State where made." Ætna Life Ins. Co. v. Moore, 231 U. S. 543, 34 S. Ct. 186, 58 L. Ed. 356. So also contracts for indemnity insurance. Odegard v. General Casualty & Surety Co. (C. C. A. 8) 44 F. (2d) 31, 37; Northwestern Mut. Life Ins. Co. v. Johnson, 254 U. S. 96, 100, 41 S. Ct. 47, 65 L. Ed. 155. Under this rule, the Nebraska statute limiting the effect of warranties or conditions in contracts or policies of insurance, as construed by the Supreme Court of Nebraska, is controlling, if here applicable.

■ The phrase "law of the case" has been employed and applied in many decisions of this and other federal courts. Stated generally, the rule is that, "where evidence is substantially the same on both trials, questions of law determined on writ of error or appeal are 'law of the case,' both for trial court and appellate court, on second writ of error or appeal." Pennsylvania Mining Co. v. United Mine Workers of America et al. (C. C. A. 8) 28 F.(2d) 851; Thompson v. Maxwell Land-Grant Co., 168 U. S. 451, 18 S. Ct. 121, 42 L. Ed. 539. This rule has been announced and received adherence in many decisions of this court. Finley v. United Mine Workers, 300 F. 972; Federal Reserve Bank v. Omaha National Bank, 45 F.(2d) 511; Page v. Arkansas Natural Gas Corp., 53 F.(2d) 27; City and County of Denver v. Denver Tramway Corp., 23 F.(2d) 287; Ætna Life Ins. Co. v. Wharton, 63 F.(2d) 378; Coffee Co. v. Reid, Murdoch & Co., 60 F.(2d) 387.

In Northern Pacific Railway Co. v. Van Dusen Harrington Co., 60 F.(2d) 394, 397, this court, speaking through Judge Booth, said: "There should be and is an exception to this rule, viz.: If convinced that a former decision is clearly erroneous and unsound, and works manifest injustice to the parties, an appellate court should not deem itself bound as to such parties by the rule of 'law

of the case.' It is the general practice of courts, however, 'to refuse to reopen what has been decided.' "

In Page v. Arkansas Natural Gas Corporation (C. C. A.) 53 F.(2d) 27, at page 31, Judge Kenyon quotes from the second syllabus of Messenger v. Anderson, 225 U. S. 436, 32 S. Ct. 739, 56 L. Ed. 1152, thus: "In the absence of statute, the phrase 'law of the case,' as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to open what has been decided—not a limit to their power."

The holding of the Supreme Court has still more pointed bearing upon a situation like the present one: "Where the Circuit Court of Appeals has before it in the second trial of the same case, a will previously construed by it, and meanwhile the highest court of the State in which the real estate affected is situated has construed the will differently, the Circuit Court of Appeals is not bound to adhere to its previous decision as being the law of the case. It may follow, and in such a case it should lean toward an agreement with, the state court."

The Supreme Court expressly does not base its decision upon the fact that the state court may have adjudicated the question of title. Compare Trainor Co., Petitioner, v. Ætna Casualty & Surety Co., 54 S. Ct. 1, 78 L. Ed. ——, decided November 6, 1933.

Guided by these principles, what should be our decision in the instant case? The evidence produced in both trials was substantially the same. Appellee knew of the fact of loss in October, 1924. No notice was given to appellant until months thereafter. No detailed information was necessary to fix upon appellee the duty of giving prompt notice to appellant. American Surety Co. v. Bankers' Savings & Loan Association (C. C. A. 8) 59 F.(2d) 577, 580; Whalen v. Western Assurance Co. (C. C. A. 2) 185 F. 490, 492. This clause of the contract with respect to notice does not deal with proofs of loss, which must, of course, contain detailed information respecting the amount of the claim. This is made evident by the next succeeding provision of the contract that the claim, if any, must be submitted in writing "showing the items and the dates of the losses * * * within three months after such discovery."

■ The Nebraska statute, in force when the contract in suit was made, must, of course, be read into, and must be considered as forming a part of, the surety contract. This court in the former appeal [59 F.(2d) 577, loc. cit. 580] dealt with this statute in the following language: "A further contention of plaintiff is that the provisions of section 44-322, Compiled Statutes of Nebraska 1929, prevent defendant from taking advantage of the fact that notice was not given as required by the terms of the policy. The statute does not apply. In the nature of things, the failure to give notice could not have existed at the time of the loss, or have contributed thereto."

■ It is evident that, in making that construction, this court was of opinion that, under the terms of the statute, the breach by the insured must both exist and contribute to the loss at the very time the loss occurs or is discovered. This is contrary to the construction placed upon the statute by the Supreme Court of Nebraska, which holds generally that "a lack of literal compliance with provisions of the policy (contract here) is insufficient to avoid liability where it does not contribute to the loss or injure insurer." We think this construction by the State Court of last resort is rather more in harmony with the legislative purpose.

The evidence in both cases discloses beyond question that appellant sustained no injury because of appellee's failure to give prompt notice, and that the breach of this condition of the contract did not contribute to the loss. Immediately, upon discovery of the first suspicious circumstance, the offending employee was discharged, and rendered incapable of further peculation. Investigation proved conclusively that he was then and thereafter hopelessly insolvent, and that no efforts of appellee, however prompt, would have been effective to recoup any part of the loss already suffered. It is equally clear that the amount embezzled was greatly in excess of the indemnity covered by the surety contract.

■ It is apparent that, if this case were presented in the first instance upon the same record, with the present authoritative construction of the state statute before us, we should be constrained to find the issues for the appellee. We are admonished by the Supreme Court that, under such circumstances, we are not bound to adhere to our previous decision as being the law of the case. On the contrary that, in such a case, we may and should lean toward an agreement with the state court. We ourselves have declared that we will not consider ourselves bound by the law of the case if our former decision is

clearly erroneous or unjust. Northern Pacific Railway Co. v. Van Dusen Harrington Co. (C. C. A.) 60 F.(2d) 394.

 Without departing from our views expressed in former decisions that questions of law, once decided, should not, without compelling reason, be subject to relitigation on a second appeal, we feel constrained by the record before us to defer to the pronouncement made by the Supreme Court of Nebraska upon a statute of Nebraska, especially applicable to a contract of indemnity entered into and to be performed within that state. However, we are of opinion that proceedings in the lower court, after reversal with directions, should conform to the mandate of the appellate court of which its opinion is a part; and that, ordinarily, all questions determined on appeal become, as to subsequent proceedings in a lower court, the law of the case. Coffee Co. v. Reid, Murdoch & Co. (C. C. A. 8) 60 F.(2d) 387; Mortgage Loan Co. v. Livingston (C. C. A. 8) 66 F.(2d) 636. Such practice comports more with the relationship established between the courts of our judicial system, and makes for regularity and uniformity of decision. The rule "law of the case," where applicable, is a salutary one as contributing to repose in litigation, by foreclosing reargument of issues once duly presented and finally decided. It should be departed from only after careful consideration, and upon situations arising in specific cases. Of course if, during the pendency of litigation in the lower court, the Supreme Court of the United States should rule adversely to the holding of a Circuit Court of Appeals, that ruling should be followed by the District Court. Otherwise we think it should be left to the appellate court to decide whether, upon the record presented, it should adhere to its rulings in a former appeal. In the instant case, for the reasons hereinabove stated, the judgment below should be affirmed, and it is so ordered.