## WHEELING STEEL CORPORATION v. NEU.

### No. 10794.

Circuit Court of Appeals, Eighth Circuit.

June 8, 1937.

Victor B. Harris, of St. Louis, Mo. (Blackinton, Reid & Harris, of St. Louis, Mo., on the brief), for appellant.

Earl M. Pirkey, of St. Louis, Mo., for appellee.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This action was brought by the appellant, as plaintiff, against the appellee, as defendant, to recover from him, as guarantor under a written guaranty, the purchase price of certain goods, wares, and merchandise sold and delivered by the plaintiff to a corporation known as J. Himmelspach Supply Company. The trial resulted in a directed verdict for the defendant at the close of the plaintiff's evidence. From the judgment entered upon the verdict this appeal is taken.

Since there is a fatal defect in the plaintiff's case, it is unnecessary to set forth the facts in detail or to discuss more than one question. The contract of guaranty upon which this action is based was executed September 10, 1928, and covered the purchase price of goods sold by the plaintiff to "J. Himmelspach Supply Company." Concededly, "J. Himmelspach Supply Company" was at that time an individual named Joseph Himmelspach, and there was then neither in existence nor in contemplation a corporation named J. Himmelspach Supply Company. On or about April 24, 1929, Joseph Himmelspach incorporat-

ed his business under the same name he had used while doing business as an individual. He became president and principal stockholder of this corporation, and the plaintiff continued to deal with the corporation as it had previously dealt with him. The plaintiff knew of the incorporation. The goods, the purchase price of which the plaintiff seeks to recover from the defendant, were sold and delivered, not to Joseph Himmelspach, but to the corporation, between October 29, 1929, and January 25, 1930. Thus it appears that the plaintiff is seeking to recover, under a written guaranty by the defendant of the account of Joseph Himmelspach, an individual, an unpaid account due it from J. Himmelspach Supply Company, a corporation.

In its brief, the appellant states its position in this regard as follows:

"Appellant contends that while it is true as a general rule that a change in the status of a principal obligor releases the guarantor, this doctrine has no application in this case. For the reason that both the appellant and the guarantor, the defendant, so conducted themselves as to show that they intended the guaranty to apply to purchases of the J. Himmelspach Supply Company, whether incorporated or not. The guaranty set out that it covered the indebtedness of the 'J. Himmelspach Supply Company of 3513 Chouteau Avenue, Saint Louis, Missouri', and the corporation took exactly the same name and operated from exactly the same place. There was no change in the name of the J. Himmelspach Supply Company on the ledger sheets of appellant and the account was carried forward from September 10, 1928, a date prior to the formation of the corporation on April 24, 1929, to February 5, 1930, as a continuing one. Appellant's assistant manager of credits and collections testified that he knew the corporation was not in existence at the time the guaranty was signed, but thought they were still selling on the guaranty because it was a continuing one until canceled."

The plaintiff stands squarely upon the original guaranty executed prior to the coming into existence of the corporation to which it later sold its goods, the purchase price of which it now seeks to recover from the defendant. It neither pleaded nor proved any subsequent guaranty or any facts which would create any basis for an estoppel. Its evidence clearly disclosed that its unpaid account was not covered by the original guaranty. It sought to avoid the effect of this disclosure by showing that on February 5, 1930, the defendant notified it in writing that he would no longer be responsible for purchases or debts contracted by "J. Himmelspach Supply Company," and by showing that when payment of the account in suit was demanded of him, he did not deny liability, thus indicating his belief that he was or might be liable for this unpaid account under the terms of his guaranty.

■ The contract of guaranty in suit is clear, complete, and unambiguous. It covered the purchase price of goods sold and delivered by plaintiff to Joseph Himmelspach, doing business under the trade name "J. Himmelspach Supply Company." It did not cover the purchase price of goods sold by the plaintiff to a corporation, a separate and distinct legal entity organized months after the guaranty was executed. It is certain that on September 10, 1928, the minds of the parties could not have met upon the proposition that the defendant was to be liable to the plaintiff for the purchase price of goods sold by it to the corporation formed by Joseph Himmelspach in April, 1929. Under the circumstances, the mere opinion of either or both parties as to the meaning of the guaranty is not controlling:

" 'It is only where there is doubt as to the meaning of the terms used, or the writing is silent or incomplete as to a given point, that the courts in interpreting the contract will resort to a practical construction which the parties may have put upon it.' St. Paul & Duluth R. Co. v. Blackmar, 44 Minn. 514–518, 47 N.W. 172; Coal Creek, etc., Co. v. Tennessee, Coal, etc., Co., 106 Tenn. 651–687, 62 S.W. 162; Twin Tree Lumber Co. v. Ensign et al., 193 Ala. 113, 69 So. 525; Tustin v. Philadelphia & R. C. & I. Co., 250 Pa. 425, 95 A. 595; Philadelphia, W. & B. R. Co. v. Trimble, 10 Wall. 367–377, 19 L.Ed. 948; Barber Asphalt Paving Co. v. City of St. Paul, 224 F. 842, 138 C.C.A. 558." Nelson v. Republic Iron & Steel Co. et al. (C.C.A.8) 240 F. 285, 293. See, also, Restatement of the Law of Contracts, § 230.

The judgment is affirmed.