**MILLERS' MUT. FIRE INS. ASS'N OF IL-
LINOIS et al. v. WARROAD POTATO
GROWERS ASS'N.**

No. 10959.

Circuit Court of Appeals, Eighth Circuit.

Feb. 21, 1938.

LeRoy Bowen, of Minneapolis, Minn. (Herbert W. Rogers and Bowen, Best, Flanagan & Rogers, all of Minneapolis, Minn., on the brief), for appellants.

Garfield H. Rustad, of Moorhead, Minn. (Ronald E. Danielson, of Moorhead, Minn., on the brief), for appellee.

Before STONE, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

The appellants, in 1934, issued to Warroad Potato Growers Association, a corporation which owned and operated a potato warehouse at Warroad, Minn., a policy of fire insurance covering, "on stock consisting of potatoes and all other merchandise and supplies not otherwise insured and not more hazardous, handled or used by the insured in their business, their own or held by them in trust or on storage, if in case of loss the insured is legally liable therefor," while contained in the insured's warehouse. On February 24, 1935, a fire occurred which damaged the contents of the warehouse, which contents consisted, with the exception of certain bags, entirely of potatoes owned by members of the insured association and held by it in storage. The appellants denied liability for the loss, and the insured brought an action at law against them upon the policy. The case was tried to a jury, which returned a verdict in favor of the insured. From the judgment entered thereon, this appeal is taken.

No claim was made by the insured that it owned the potatoes which were damaged or that it was in any way liable to the owners for their loss. Its contention was that the policy as written covered the loss regardless of the ownership of the potatoes. The trial court construed the policy as covering the damage to the potatoes; and the sole question submitted to the jury was the amount of the loss occasioned by the fire.

The appellants contend that the policy did not cover potatoes not owned by the insured unless in case of loss the insured was liable to the owners therefor.

The obligation of an insurer is to be ascertained from the terms of the policy, and cannot be enlarged or varied by judicial construction. City of Sedalia v. American Surety Co., 8 Cir., 82 F.2d 112, 114. The terms of a policy are "to be taken and understood, in the absence of ambiguity, in their plain, ordinary, and popular sense." Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 492, 52 S.Ct. 230, 231, 76 L.Ed. 416.

Travelers Ins. Co. v. Springfield Fire & Marine Ins. Co., 8 Cir., 89 F.2d 757, 763. The rule that an ambiguous provision of an insurance policy is to be construed most favorably to the insured "cannot be availed of to refine away terms of a contract expressed with sufficient clearness to convey the plain meaning of the parties, and embodying requirements compliance with which is made the condition to liability thereon." Guarantee Company of North America v. Mechanics' Savings Bank & Trust Co., 183 U.S. 402, 419, 22 S.Ct. 124, 131, 46 L.Ed. 253; Williams v. Union Central Life Ins. Co., 291 U.S. 170, 180, 54 S.Ct. 348, 352, 78 L.Ed. 711, 92 A.L.R. 693.

The policy in suit, by its terms, insured potatoes handled or used by the insured, its own or held by it in trust or on storage, "if in case of loss the insured is legally liable therefor." If the quoted words were omitted, the policy would undoubtedly have covered all potatoes in storage contained in the warehouse, although not owned by the insured and although it was not legally liable for their loss. California Insurance Co. v. Union Compress Co., 133 U.S. 387, 10 S.Ct. 365, 33 L.Ed. 730; Home Insurance Co. v. Baltimore Warehouse Co., 93 U.S. 527, 23 L. Ed. 868. The presence of these words, however, negatives any intention on the part of the insurers to cover potatoes in storage for the loss of which the insured was not legally liable. It is plain, therefore, that this policy did not insure potatoes in storage, but covered only the liability of the insured to the owners in case of loss by fire.

This case is ruled by Orient Insurance Co. v. Skellet Co., 8 Cir., 28 F.2d 968; Minneapolis, St. P. & S. S. M. Railway Co. v. Home Insurance Co., 55 Minn. 236, 56 N.W. 815, 22 L.R.A. 390; Id., 64 Minn. 61, 66 N.W. 132; Home Ins. Co. v. Minneapolis, St. P. & S. S. M. R. Co., 71 Minn. 296, 74 N.W. 140; Washburn-Crosby Co. v. Home Insurance Co., 199 Mass. 463, 85 N.E. 592. While it is true that the language used in the coverage clause of the policies referred to in those

cases is not identical with the language of the policy in suit, its meaning is the same.

The insured contends, however, that the conduct of the insurers after the loss occurred clearly indicates that they regarded the policy as covering potatoes in storage regardless of legal liability of the insured for the loss; and that the practical construction put upon the policy by the parties should be adopted as its true construction.

█ It is only where there is doubt as to the meaning of the terms used or where the writing is silent or incomplete in some regard that a court interpreting a contract will resort to the practical construction which the parties have placed upon it. Nelson v. Republic Iron & Steel Co. et al., 8 Cir., 240 F. 285, 293; Wheeling Steel Corporation v. Neu, 8 Cir., 90 F.2d 139, 140.

█ Since the language of the policy in suit relative to coverage is expressed with sufficient clearness to convey its plain meaning, there is no room for the application of the rule of practical construction, and it is unnecessary to discuss the facts which the insured contends indicate that the parties had placed an interpretation upon the policy inconsistent with its language.

█ The appellants have asked that we reverse the judgment appealed from, and direct the lower court to enter judgment in their favor upon the authority of Baltimore & Carolina Line, Inc., v. Redman, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636. In that case the Supreme Court held that where the trial court had reserved its ruling upon a motion to dismiss the complaint and for a directed verdict, and it appeared, after verdict, that the motion should have been granted, but was denied, the appellant was entitled to have the Circuit Court of Appeals, in reversing the judgment appealed from, direct the trial court to enter a judgment of dismissal upon the merits, regardless of the ruling in Slocum v. New York Life Insurance Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann.Cas. 1914D, 1029, that in an action at law judgment notwithstanding the verdict may not be granted. In the case at bar, at the close of the evidence, the appellants moved for a directed verdict in their favor, and the court reserved its ruling upon their motion. After verdict, it denied their motion for judgment notwithstanding the verdict. The record in this case, however, discloses that there was evidence that in the warehouse at the time of the fire the insured had a large number of bags, that 500 of them were damaged by the fire, and that the reasonable value of the damaged bags was $45. The policy covered, in addition to the stock of potatoes, merchandise and supplies used by the insured in its business. There was evidence which would justify the inference that these bags belonged to the insured and were used by it in its business. Therefore, the trial court was not required to grant the appellants' motion for a directed verdict, and was justified in denying their motion for judgment notwithstanding the verdict. The appellants suggest that this court has the power to dispose of this case upon its merits by directing the court below to enter judgment for the insured for $45 and interest, or to enter judgment for the appellants on the condition that they pay to the insured $45 and interest. In an equity suit it is the duty of this court to direct the lower court to enter the decree which should have been entered, but in a law case this court is merely a reviewing court and cannot retry the case and direct the entry of the judgment which it thinks should have been entered. Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 444; United States v. Washington Dehydrated Food Co., 8 Cir., 89 F.2d 606, 609, 610; Geiger v. Tramp, 8 Cir., 291 F. 353, 355. The question whether the court below could, after verdict, have entered a judgment in favor of appellants on condition that they pay the plaintiff $45, was not presented to or considered by that court, and is not before this court for review.

Our conclusion is that the error which the court committed in ruling that the policy in suit covered potatoes in storage regardless of the legal liability of the insured to the owners requires a reversal of the judgment, but does not entitle the appellants to an order of this court directing the entry of judgment for them either conditionally or otherwise. We think it unnecessary to consider other questions.

The judgment is reversed and the case remanded to the court below for further proceedings not inconsistent with this opinion.