**MILLERS' MUT. FIRE INS. ASS'N OF ILLINOIS et al. v. BELL, Judge.**

**No. 414, Original.**

Circuit Court of Appeals, Eighth Circuit.

Nov. 3, 1938.

290

Leroy Bowen, of Minneapolis, Minn. (Herbert W. Rogers and Bowen, Best, Flanagan & Rogers, all of Minneapolis, Minn., on the brief), for petitioners.

I. K. Lewis, of Duluth, Minn. (Garfield H. Rustad, of Moorhead, Minn., and Lewis, Grannis & Underhill, of Duluth, Minn., on the brief), for respondent.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

SANBORN, Circuit Judge.

This Court is asked to issue a writ of mandamus directing Judge Bell to vacate an order made by him on May 16, 1938, in the case of Warroad Potato Growers Association v. Millers' Mutual Fire Insurance Association of Illinois, et al., granting the motion of the plaintiff for a new trial and for leave to amend its complaint, and denying the motion of the defendants for judgment. The petitioners—who are the defendants below—assert that the order which Judge Bell has made was not only erroneous, but is in violation of the mandate of this Court in Millers' Mutual Fire Insurance Association of Illinois et al. v. Warroad Potato Growers Association, 8 Cir., 94 F.2d 741. In his response, Judge Bell, in effect, asserts that, in making the order complained of, he did not intend to, and is of the opinion that he did not, violate the mandate referred to.

The pertinent facts, briefly stated, are these: In 1934 the petitioners issued to the plaintiff association, which owned a potato warehouse at Warroad, Minnesota, a fire policy insuring "stock consisting of potatoes and all other merchandise and supplies * * * handled or used by the insured in their business, their own or held by them in trust or on storage, if in case of loss the insured is legally liable therefor." On February 24, 1935, a fire occurred which damaged the contents of the warehouse. The contents consisted of potatoes belonging to members of the plaintiff association, which had been stored with it, and, in addition, some $45.00 worth of potato sacks. The plaintiff brought suit upon the policy to recover for all of the damages to the contents of the building caused by the fire, upon the theory that the policy was an ordinary fire policy and should be so construed. The defendants (petitioners here) denied liability. The case was tried, and, at the close of the evidence, the defendants moved for a directed verdict in their favor. The court reserved the right to rule upon that motion after verdict, and submitted the case to the jury upon the plaintiff's theory. The jury returned a verdict for the plaintiff. The court thereafter overruled the motion for a directed verdict. From the judgment,

entered upon the verdict of the jury, the defendants appealed, and this court held that the court below erred because, by its terms, the policy did not insure potatoes in storage, but covered only the legal liability of the insured to the owners in case of loss, and there was no claim and no evidence to support a claim that the insured was legally liable to the owners of the potatoes for the damage occasioned by the fire. The defendants requested that we direct the court below to enter judgment, pursuant to the rule announced by the Supreme Court in Baltimore & Carolina Line, Inc., v. Redman, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636, on the ground that it appeared from the evidence, at the close of the trial, that they were entitled to have a verdict directed in their favor. We concluded that the rule invoked by the defendants was not applicable, because it appeared from the evidence that, in addition to the potatoes, there were in the warehouse sacks of the value of $45 belonging to the insured, which had been destroyed by the fire and which were within the coverage of the policy, and that, for that reason, the court below did not err in refusing to direct a verdict for the petitioners. We reversed the judgment and remanded the case "for further proceedings not inconsistent with this opinion." 94 F.2d 743.

The plaintiff association construed this direction as requiring a new trial, if one was desired, and permitting it to amend its complaint, if it saw fit and if the court below would allow it to do so, by alleging that it was legally liable to the owners of the stored potatoes. The defendants construed the direction as requiring the lower court to enter the judgment which the evidence adduced at the first trial required, namely, a judgment in favor of the defendants on condition that they pay to plaintiff the $45 loss on potato sacks, with costs, or a judgment on the merits in favor of the plaintiff for $45 and costs.

■ The construction placed upon the mandate of this Court by the plaintiff and the court below was correct. The action was at law. This Court on the appeal acted only as a court of error. It was expressly pointed out in our opinion that this Court was without power to direct the lower court to enter the judgment required by the evidence adduced at the trial. The effect of our mandate was to direct the lower court to grant a new trial, but, in retrying the case, not to make again the same error for which the judgment was reversed.

The same question which is presented by this petition for mandamus was raised in the United States District Court for the District of Minnesota in the case of Northern Pacific Railway Co. v. Van Dusen Harrington Co., 34 F.2d 786. That action was one at law tried to the court without a jury. The court found the facts and ordered judgment for the plaintiff. Upon appeal this Court held that one of the findings made by the trial court, which was essential to support a recovery by the plaintiff, was not sustained by substantial evidence, and reversed the judgment and remanded the case "for further proceedings in accordance with this opinion." 32 F.2d 466. Upon the remand of the case, the plaintiff moved for leave to amend its complaint and for a new trial. The defendant asked for a judgment of dismissal upon the merits. In ruling upon these motions, the District Court pointed out that the findings of fact in a jury-waived case were the exact equivalent of a jury verdict; that it had been held in Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann.Cas.1914D, 1029, that in an action at law, where a jury has not been waived, an appellate court, upon a reversal, can only grant a new trial, and that, since the reversal of the judgment was based upon the insufficiency of the evidence to support a finding of fact, the appellate court had no authority to do otherwise than to grant a new trial. The plaintiff then amended its complaint. The case was retried and resulted in a judgment for the defendant, which was affirmed on appeal. Northern Pacific Railway Co. v. Van Dusen Harrington Co., 8 Cir., 60 F.2d 394.

The ruling in Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann.Cas.1914D, 1029, was to the effect that in an action at law a federal appellate court may set aside a verdict for error of law and order a new trial, but that, because of the Seventh Amendment to the Constitution of the United States, U.S.C.A.Const. Amend. 7, it may not itself determine the issues of fact, and that, upon the setting aside of a verdict of a jury, there arises the same right to trial of the issues of fact by jury which existed in the first instance.

In referring to the Slocum Case, in Baltimore & Carolina Line, Inc. v. Redman, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636, the Supreme Court said (page 658, 55 S.Ct. page 892): "We recognized that the state statute was applicable to trials in the federal courts in so far as its application would not effect an infraction of the Seventh Amendment, but held that there had been an infraction in that case, in that under the pertinent rules of the common law the Court of Appeals could set aside the verdict for error of law, such as the trial court's ruling respecting the sufficiency of the evidence, and direct a new trial, but could not itself determine the issues of fact and direct a judgment for the defendant, for this would cut off·the plaintiff's unwaived right to have the issues of fact determined by a jury." The Supreme Court then held that, where in an action at law the trial court has reserved the right to rule, after verdict, upon motions to dismiss and for a directed verdict based upon the insufficiency of the evidence, and has, after verdict, denied such motions, an appellate court should, upon a reversal of the judgment, due to the insufficiency of the evidence to sustain the verdict and the failure of the court to grant the motion for a directed verdict, direct judgment and not order a new trial.

Except to the extent that the rule of the Slocum Case is qualified by that of the Redman Case, it is still the law, and it is therefore obvious that this Court, after holding that the Redman Case was inapplicable in Millers' Mutual Fire Insurance Association of Illinois, et al. v. Warroad Potato Growers Association, 8 Cir., 94 F.2d 741, and that no direction for the entry of judgment might be given, could have done nothing but remand the case for a new trial.

 The rule of the "law of the case" has no applicability here. That rule is that a decision of an appellate court is, as to the legal issues considered and determined, the law of the case in any subsequent proceedings in either the trial or the appellate court and is to be followed except where the evidence is substantially different, or where, between the date of the decision and the time of the reconsideration of the case, controlling authority has determined the legal issues adversely, or where it appears that the decision was clearly erroneous and adherence to it will work a manifest injustice. Minneapolis

Steel & Machinery Co. v. Federal Surety Co., 8 Cir., 34 F.2d 270, 271, 272; Northern Pacific Railway Co. v. Van Dusen Harrington Co., 8 Cir., 60 F.2d 394, 397; American Surety Co. v. Bankers' Savings & Loan Ass'n, 8 Cir., 67 F.2d 803, 805-807; Claiborne-Reno Co. v. E. I. Dupont De Nemours & Co., 8 Cir., 77 F.2d 565, 566; De Parcq v. Liggett & Myers Tobacco Co.,· 8 Cir., 81 F.2d 777, 778-779; Chicago & N. W. Ry. Co. v. Kelly, 8 Cir., 84 F.2d 569, 571; New York Life Ins. Co. v. Golightly, 8 Cir., 94 F.2d 316, 317-319. This rule affects the retrial of. an action, after reversal, only in so far as the issues of fact, the evidence, and the applicable law are substantially the same as upon the first trial. It does not have the effect of placing the issues, the evidence, or even the applicable rules of law, in a strait-jacket.

 The only difference between a new trial granted by the trial court after setting aside a verdict and a new trial ordered by this Court upon the reversal of a judgment, is that the legal propositions which this Court settles and determines on the appeal cannot ordinarily be again questioned. Thus, in this case, the question whether the policy of insurance in suit covers potatoes in storage, for the damage to which the insured is not legally liable, has been settled and is not now open to debate.

 The rule as to amendments to pleadings (see McAllister v. Sloan, 8 Cir., 81 F.2d 707, 708, 709) upon the retrial of an action at law after a reversal, is, we think, the·same which applies to amendments to pleadings upon the first trial of the action. The situation is as though the case had never been tried. Cases in which amendments to pleadings have been allowed after a reversal and before a new trial, are: Crotty v. Chicago Great Western Ry. Co., 8 Cir., 169 F. 593; National Surety Co. v. Kansas City Hydraulic Press Brick Co., 8 Cir., 182 F. 54; Northern Pacific Railway Co. v. Van Dusen Harrington Co., D. C., 34 F.2d 786; American Surety Co. v. Bankers' Savings & Loan Ass'n, 8 Cir., 67 F.2d 803; Claiborne-Reno Co. v. E. I. Dupont De Nemours & Co., 8 Cir., 77 F.2d 565; New York Life Ins. Co. v. Golightly, 8 Cir., 94 F.2d 316.

 We express no opinion as to whether the court below abused its discretion in allowing the amendment to the complaint. We go no further than to say that the

granting of a new trial and the allowance of the amendment did not constitute a violation of the mandate of this Court. The question whether the amendment made was one which the lower court, under the circumstances, had discretion to allow is not a proper question to be decided upon this petition for a writ of mandamus. See Brictson Manufacturing Co. v. Munger, 8 Cir., 20 F.2d 793, 794; Minnesota & Ontario Paper Co. v. Molyneaux, 8 Cir., 70 F.2d 545, 546, 547.

The petition is denied.