## STRIMLING v. STONE.

No. 14405.

United States Court of Appeals Eighth Circuit.

March 10, 1952.

Melvin H. Siegel, Minneapolis, Minn. (George B. Leonard, Sidney Barrows and Leonard, Street & Deinard, all of Minneapolis, Minn., on the brief), for appellant.

Sidney J. Kaplan, Minneapolis, Minn. (Hyman Edelman, Sheldon, Kaplan and Kaplan, Edelman & Kaplan, all of Minneapolis, Minn., on the brief), for appellee.

Before SANBORN, WOODROUGH and RIDDICK, Circuit Judges.

PER CURIAM.

The appellant has moved for a clarification of our opinion filed January 29, 1952. He asserts that there may be uncertainty as to whether, upon a new trial as to counts III, IV, V and VI of the amended complaint, the defense of account stated would be available to the appellant, and as to whether he could assert as a counterclaim overpayments made during the years 1934 to 1948 to the appellee which the appellee had agreed to repay upon the termination of his employment.

The general effect of our decision is to direct the District Court to grant a new trial as to these counts, but, in retrying the case, to avoid the errors for which the judgment upon these counts was reversed. See and compare, Millers' Mutual Fire Insurance Ass'n of Illinois v. Bell, 8 Cir., 99 F.2d 289, 291.

Without knowing how the pleadings may be amended or what different or additional evidence may be adduced upon a retrial, we think that any attempted amplification or clarification of our opinion might be more confusing than helpful. We believe that the questions raised by the appellant in his motion and other pertinent questions safely may be left to the trial court to decide with whatever guidance the legal principles relied upon by us in our opinion may have furnished. Upon the remand of a case for a new trial, the only legal propositions which are ordinarily no longer subject to question are those settled and determined by the appellate court's opinion. Millers' Mutual Fire Insurance Ass'n of Illinois v. Bell, supra, page 292 of 99 F.2d.

The motion is denied.